## THE STATE OF IOWA v. MOORE.

1. FALSE PRETENSES. To obtain an indorsement or credit upon a promissory note is not obtaining property, money or goods within the meaning of the Statute. (Rev. 1860, § 4392.)

*Appeal from Jasper District Court.*

MONDAY, DECEMBER 21.

DEFENDANT was indicted, tried and found guilty of "cheating by false pretenses." On his motion the judgment was arrested, for the reason that no offense against the laws of this State was charged in the indictment, and the State appeals.

*C. C. Nourse*, Attorney-General, and *H. S. Winslow*, District Attorney, for the State, cited *The People* v. *Babcock*, 7 John., 201; *The People* v. *Johnson*, 12 Id., 292; *Moore* v. *The Commonwealth*, 3 Barn., 260; *The People* v. *Haynes*, 14 Wend., 547.

*C. C. Cole*, for the appellee, cited Rev. 1860, §§ 4394, 4856; 2 Bish. Cr. Law, §§ 391–394; *Moore* v. *The Commonwealth*, 3 Barn., 360.

WRIGHT, J.—The indictment charges, that defendant by false pretenses induced one Jane Piney to take from him several worthless promissory notes, whereby he obtained an indorsement and credit upon a certain promissory note of eleven hundred dollars, held by the said Jane Piney against said Moore. The judgment was arrested, for the reason that the indictment did not show that the prisoner had obtained any money, goods or other property, within the meaning of the statute. And this ruling we think must be affirmed.

The statute is ( § 4394): "If any person designedly and by false pretense, or by any privy or false token, and with

intent to defraud, obtain from another any *money*, *goods or other property;* or so obtain the signature of any person to any written instrument, the false making of which would be punished as forgery, he shall be punished by imprisonment in the penitentiary," &c.

To obtain an indorsement or credit upon a promissory note, is not obtaining property, money or goods, within the meaning of the statute. No harm is done by such an act, for in the language of Mr. Bishop (Cr. Law, 2, § 391), " the credit is a mere intangible thing of no value." Such a case differs very materially from the act of obtaining, by false pretenses, on acceptance on mercantile paper. And yet it has been held in England, that this was not a violation of the statute. In another case, where a defendant to induce his bankers to pay his checks, drew a bill which had no chance of being paid, in consequence of which the bankers paid money for him, it was holden not to be within the act, because he only obtained credit, and not any specific sum on the bill. 2 Bishop, 391, a; 2 Wharton Cr. Law, § 2138. Without by any means sustaining the reasoning in these cases, we cite them to show how far some courts have gone, even when goods or money have passed upon the strength of the credit so obtained. To obtain a credit upon a note, falls far short of the act of procuring an acceptance upon mercantile paper, or money to be paid by fraudulently drawing a bill.

This case differs from that of *The People* v. *Stone*, 9 Wend., 182, for there the defendant induced Filley to become his indorser upon a promissory note, which he afterwards used for his own benefit. The case of *The People* v. *Johnson*, 12 Johns., 292, cited by counsel, is entirely unlike this, for in that the prisoner obtained a pair of shoes, which is clearly property within the meaning of the statute. *The Same* v. *Babcock*, 7 Id., 201, the court only discusses what constituted a cheat or fraud at common law.

But without referring to the authorities further in detail, we cite to sustain the conclusion above stated. 2 Whart., 21, 36; *Moore* v. *Commonwealth*, 3 Barr., 260; *The State* v. *Barrows*, 11 Ird., 477; *Rex* v. *Wavell*, 1 Moody, 224.

The suggestion that the indictment shows that defendant obtained the signature of the person alleged to have been defrauded, and thus brings the case within the second clause of the section above quoted, is equally untenable. For it does not appear that he obtained her signature to this indorsement, nor to any instrument, nor that he induced her to sign anything, the false making of which would be forgery under section 4253 of the Revision of 1860.

Affirmed.