In re McLELLAN.

(District Court, N. D. New York. April 29, 1913.)

1. BANKRUPTCY (§ 384*)—COMPOSITION—DUTY TO CONFIRM.

It is the duty of the court to confirm a composition, if satisfied that it is for the best interests of the bankrupt's creditors, that he has not been guilty of any of the acts, or failed to perform any of the duties, which would bar a discharge, and the offer and its acceptance are in good faith, and have not been made or procured, except as provided in Bankr. Act July 1, 1898, c. 541, § 14, subd. 3, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427) as added by Act June 25, 1910, c. 412, § 6, 36 Stat. 839 (U. S. Comp. St. Supp. 1911, p. 1496), or by any means or promises or acts therein forbidden.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 590–592; Dec. Dig. § 384.*]

2. BANKRUPTCY (§ 407*)—DISCHARGE—DENIAL—GROUNDS—FALSE STATEMENT.

The making of false statements by a bankrupt in order to obtain credit will not bar his discharge, if there is no substantial evidence that money or property was obtained from any one on the faith of such statements, or in case it is not proved that the statements were in fact false when made.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. § 407.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. BANKRUPTCY (§ 384*)—DISCHARGE—PREFERENCES—COMPOSITION.**

The confirmation of a composition between a bankrupt and his creditors would not be denied because of an alleged preferential payment of certain notes made to a bank and indorsed by the bankrupt's mother, where it was not shown that the bank or the indorser knew or had reasonable cause to believe, when the notes were paid, that such payment would effect a preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 590–592; Dec. Dig. § 384.*]

**4. BANKRUPTCY (§ 407*)—DISCHARGE—VIOLATION OF STATE LAW.**

Violation of a civil or criminal law of the state by a bankrupt is not ground for denial of a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. § 407.*]

**5. BANKRUPTCY (§ 377*)—COMPOSITION—ACTS OF ATTORNEYS FOR CONSENTING CREDITORS.**

A bankrupt having proposed terms of composition, which were approved by a majority of the creditors, such creditors and their attorneys had an interest in common in securing an acceptance of the composition offered, and thereafter might properly participate in securing the necessary consents; and hence it was not improper for the attorney for the receiver, having secured powers of attorney to that end, to represent and vote for creditors in favor of the composition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 586–588; Dec. Dig. § 377.*]

In Bankruptcy. In the matter of the bankruptcy of Norman D. McLellan. On application for confirmation of a composition. Granted.

F. L. Cubley, of Potsdam, N. Y., for bankrupt.

Crapser & Hanmer and G. A. Chase, all of Massena, N. Y., for certain creditors.

RAY, District Judge. All preliminaries having been complied with, the referee has heard the proofs on objections filed to the composition, and has reported that the composition should be confirmed. The powers of attorney given by creditors expressly authorize the several attorneys to accept any composition offered by the bankrupt. A large number of creditors accepted in writing the offer of compromise, and many others in writing, by their duly authorized attorneys, accepted the offer in writing. Such assenting creditors represent a majority in number of the creditors whose claims have been allowed, and represent a majority in amount of such claims. The money has been deposited.

The objecting creditors claim and allege that within four months of being adjudged a bankrupt said Norman D. McLellan, for the purpose of obtaining credit, made materially false statements in writing, in violation of subdivision 3 of section 14b of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]) as added by Act June 25, 1910, c. 412, § 6, 36 Stat. 839 (U. S. Comp. St. Supp. 1911, p. 1496); also that within four months of the time of being adjudged a bankrupt the bankrupt paid two notes held by the Massena Banking Company and indorsed by the bankrupt's mother, amounting to some $1,400, besides interest, while insolvent, which

insolvency was known to said Banking Company and said indorser, and that such payments created and constituted a preference; also that the composition is not for the best interests of the creditors, and that the bankrupt has violated section 1293b of the Penal Law of the state of New York (Laws 1912, c. 340); also that the attorney for the receiver was allowed to represent and vote in favor of said composition, having secured powers of attorney to that end.

It is true that an offer has been made for the property of the bankrupt which, if accepted, will enable him to pay the 25 per cent. offered. It is claimed that a trustee can recover the alleged preference, and that, if recovered, the estate will net the creditors more than 25 per cent. of their claims.

[1] The court "shall confirm a composition if satisfied (1) that it is for the best interest of creditors; (2) that the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge; (3) the offer and its acceptance are in good faith and have not been made or procured except as herein provided, or by any means, promises or acts herein forbidden."

[2] By subdivision 3 of section 14b of the act it is provided that a discharge shall be denied if the bankrupt has "obtained money or property on credit upon a materially false statement in writing, made by him by any person or his representative for the purpose of obtaining credit from such person." The objecting creditors have put in evidence certain written statements, but there is no substantial evidence that any money or property was obtained from any one on such statements, and it is not proved such statements were false when made.

[3] As to the alleged preferences, there is no sufficient evidence that the Massena Banking Company or the mother, who had indorsed the notes, knew or had reasonable cause to believe that the transfer of property by payment of the notes in question would effect a preference.

[4] The Bankruptcy Act does not make it a criminal offense to violate a law of the state, or deny a discharge to a bankrupt who has violated a law of the state. Neither does it provide that violation by the bankrupt of a criminal law of the state shall prevent a discharge. Subdivision 4 of section 14b provides that a discharge shall be denied if the bankrupt has "at any time subsequent to the first day of the four months immediately preceding the filing of the petition transferred, removed, destroyed or secreted any of his property with intent to hinder, delay or defraud his creditors." I find no evidence of a violation of this provision. A mere preferential payment does not defeat a discharge, or prevent the acceptance and approval of a composition.

The court, however, should refuse to confirm a composition when it clearly appears that there have been preferential payments and there is reasonable cause to believe they or any substantial part of same may be recovered by the trustee, and it also appears that the estate in hand, with such preferences recovered and added, will net the creditors a greater percentage than offered in the proposed composition. That is not this case. A prima facie case for the recovery of a

preference is not made. An offer has been made for the bankrupt's stock, and the referee gave every opportunity for obtaining a better offer. that he might know with reasonable certainty what action on his part and that of the court the best interest of the estate and creditors demanded.

[5] Ordinarily an attorney can properly represent but one of the parties to a controversy in court, and this is essentially true when there is a conflict of interest between two parties represented by the same attorney. But here the bankrupt was thoroughly examined, and no other person was examined. The bankrupt then proposed terms of composition which to a majority seemed best for the creditors. These assenting creditors and their attorneys then had an interest in common to secure an acceptance of such offer, and under such circumstances it was not improper for all such creditors and their attorneys to take part in securing the necessary consents, so long as no false statements were made, and there was no trickery or collusion between creditors and the bankrupt, and no fraud practiced. At such stage of the case it became substantially a question between the assenting and nonassenting creditors; that is, those who favored and those who opposed the composition.

As on the whole case I am satisfied it is for the interest of the creditors that this composition be approved and confirmed in accordance with the report of the referee, it is so ordered.