## THE AMERICAN AGRICULTURAL CHEMICAL COMPANY

### *vs.*

### GEORGE E. BERRY.

### Franklin. Opinion July 1, 1913.

*Assumpsit. Bankruptcy. Construction. Contract. Debt. Discharge. Embezzlement. Exceptions. Factor. "Fiduciary Capacity." Trust.*

1.  The written contract between the parties contained the following provision: "All proceeds of sales and goods remaining unsold to be our property and you are to have no title or lien upon said fertilizers, or their proceeds. It is specially agreed that you will hold the same in trust and separate for the settlement of our account with you. All sales shall be guaranteed by you, and the specific proceeds of the same are to be sent to me as received by you; and until the proceeds of such sales are received by us, the same shall be held by you in trust for us."

2.  The use of the word "trust" does not alter the relations between the parties so as to create such a fiduciary capacity as would escape the bankrupt act.

3.  The phrase "while acting in a fiduciary capacity" relates to special trusts and does not include those trusts which the law implies from the contract and which form an element in every agency and in nearly all the commercial transactions in the country.

4.  A factor, commission merchant or agent, who has sold property of his principal and has failed to pay over to him the proceeds, is held not to owe to him a debt created in a fiduciary capacity.

On report.  Judgment for the defendant.

This is an action of assumpsit upon an account annexed for balance of the price of certain fertilizers shipped to and received by the defendant under a contract in writing, which fertilizers the defendant sold and failed to account to the plaintiff for the proceeds thereof. The defendant pleaded his discharge in bankruptcy proceedings, which were begun after contracting the debt sued for. The case was reported to the Law Court for determination.

The case is stated in the opinion.

*Frank W. Butler,* for plaintiff.

*Elmer E. Richards,* for defendant.

SITTING:  WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, BIRD, HALEY, JJ.

CORNISH, J.  Action of assumpsit on an account annexed for the balance of the price of certain fertilizers, shipped to and received by the defendant under a written contract a copy of which is printed in the statement of the case, which fertilizers were disposed of by him but the proceeds were not accounted for.  The defendant has pleaded his discharge in bankruptcy proceedings begun after the debt sued was contracted, and the case is before the Law Court on report.

The controlling question presented is whether the debt sued was released by the defendant's discharge in bankruptcy, and it involves the meaning of sub-division 4, Sec. 17 of the bankruptcy act of 1898, as amended, which excepts from the operation of the discharge such debts as, "(4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."  The question turns upon the meaning of the phrase "in any fiduciary capacity" as used in the act.

This phrase as so used has not been construed by this court, but it has been interpreted in decisions of the Supreme Court of the United States, which are controlling because construing an act of Congress.

The leading case in that court is *Chapman* v. *Forsyth*, 2 How, 202. That case arose under the bankrupt act of 1841 in which "debts created in consequence of a defalcation as a public officer, or an executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity" were excepted from the discharge. It was there held that a balance due from a factor to his principal is not a fiduciary debt within the meaning of that act. The court there said:

"If the act embrace such a debt, it will be difficult to limit its application. It must include all debts arising from agencies; and, indeed, all cases where the law implies an obligation from the trust reposed in the debtor. Such a construction would have left but few debts on which the law could operate. In almost all the commercial transactions of the country, confidence is reposed in the punctuality and integrity of the debtor, and a violation of these is, in a commercial sense, a disregard of a trust. But this is not the relation spoken of in the 1st section of the act."

"The cases enumerated, 'the defalcation of a public officer,' 'executor,' 'administrator,' 'guardian,' or 'trustee,' are not cases of implied but special trusts, and the 'other fiduciary capacity' mentioned, must mean the same class of trusts. The act speaks of technical trusts, and not those which the law implies from the contract. A factor is not, therefore, within the act."

To the same effect is *Hayman* v. *Pond*, 7 Met., 328, which also involved a construction of the bankruptcy act of 1841.

The question again came before the Supreme Court of the United States under the act of 1867, in *Hennequin* v. *Clews*, 111 U. S., 676. In that act the language used in stating the exception was slightly different from that of the act of 1841. It provided that a discharge did not release a debt "created by the fraud of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character." It omitted the enumerated cases. In *Hennequin* v. *Clews* the court pointed out that a series of diverse rulings by different courts had arisen under the act of 1867; one class treating agents,

factors, commission merchants, etc., as acting in a fiduciary capacity under the act, on the view that the phrase "in any fiduciary capacity" was used in a broader sense than it was in the act of 1841, not being restricted by any enumeration of certain special trust capacities; the other class taking the view that the act of 1867 used the phrase "acting in any fiduciary capacity" in the sense in which it had been interpreted by judicial construction. After enumerating the diverse authorities the court said: "We have examined these cases and others bearing on the subject, but do not deem it necessary to refer to them more particularly, inasmuch as the question has recently been fully considered by this court, and the decision in *Chapman* v. *Forsyth* has been followed. We refer to the case of *Neal* v. *Clark,* 95 U. S., 704." Accordingly it was there held that a discharge in bankruptcy under the act of 1867 did release the bankrupt from a debt or obligation which arose from his appropriating to his own use collateral securities deposited with him as security for the payment of money or the performance of a duty. and his failure or refusal to return the same after the money had been paid or the duty performed.

Other cases giving a like construction to the bankruptcy act of 1867 are *Noble* v. *Hammond,* 129 U. S., 65; *Upshur* v. *Briscoe,* 138 U. S., 365, and *Cronan* v. *Cotting,* 104 Mass., 245.

The bankruptcy act of 1898, which is under consideration in the case at bar, is similarly construed. In re Basch, 97 Fed., 761; *Blacken* v. *Milner,* 104 Fed., 522; *Crawford* v. *Burke,* 195 U. S., 176; *Crosby* v. *Miller, Vaughn & Co.,* 25 R. I., 172.

In *Blacken* v. *Milner,* supra, the leading cases on this subject are referred to and the decisions are held applicable to the act of 1898.

The settled rule is stated in Loveland on Bankruptcy, 3d Ed., p. 845, Sec. 294, as follows: "The phrase 'while acting in any fiduciary capacity' relates to special trusts, and does not include those trusts which the law implies from the contract, and which form an element in every agency and in nearly all the commercial transactions in the country. It is confined to technical trusts, and the fiduciary character is not that which the debt gives rise to, but must exist independently of it. Thus a factor, commission merchant, or agent who has sold property of his principal and has failed to pay over to him the proceeds, is held not to owe to him a debt created in a fiduciary

capacity." The author cites in support of the text substantially all the case we have above referred to. See also Collier Bankruptcy, p: 326.

The admissions and testimony contained in the agreed statement in the case at bar reasonably justify the conclusion that the defendant received from the plaintiff under the terms of the written contract, the fertilizers sued for, all of which he sold or used and the proceeds of which he failed to account for. It is the typical case of a factor withholding money for property disposed of by him and comes squarely within the decisions before cited.

It is true that the written contract between the parties contained the following provision: "All proceeds of sales and goods remaining unsold to be our property and you are to have no title or lien upon said fertilizers, or their proceeds. It is specially agreed that you will hold the same in trust and separate for the settlement of our account with you. All sales shall be guaranteed by you, and the specific proceeds of the same are to be sent to us as received by you; and until the proceeds of such sales are received by us, the same shall be held by you in trust for us."

But this in no wise changes or strengthens the plaintiff's case. The use of the word "trust" does not alter the relations between the parties so as to create such a fiduciary capacity as would escape the bankrupt act. That relation was fixed by the nature of the transaction itself and grew out of the transaction as between principal and agent, or owner and factor. Had it been an oral agreement the rights of the parties would have been the same. Reducing the contract to writing and inserting the word "trust" did not change its character. In *Upshur* v. *Briscoe,* supra, there was a written agreement and the party in that case, as here, was designated as trustee but the Supreme Court of the United States held that that did not create such a fiduciary relation as took the case out of the statute. In both cases the fiduciary character was that which the debt gave rise to and did not exist independently of it. That is not the technical trust which the statute contemplates, but one of those "which the law implies from the contract and which form an element in every agency" Loveland Bankruptcy, supra.

The entry must therefore be,

*Judgment for the defendant.*