HERBERT J. CARVILLE *vs.* P. E. LANE.

Androscoggin.    Opinion October 3, 1917.

*Obtaining property by means of false representations as to financial ability to pay.*
*Meaning of word "property."   Scope of discharge under general*
*Bankruptcy Act.   What proof necessary to*
*avoid discharge in bankruptcy.*

On report.   This action on the case is brought by plaintiff to recover damages for
  the deceit or misrepresentation of defendant whereby it is alleged that defend-
  ant fraudulently obtained property of plaintiff.   The defendant pleaded the
  general issue and specially his discharge in Bankruptcy.

The plaintiff claimed that the alleged property obtained by defendant was notes,
  one of which was taken by plaintiff in renewal of an earlier note given for mer-
  chandise purchased of the defendant and the other for merchandise purchased
  many months earlier.

Where alleged false representations were not communicated to the payee until
  after taking and acceptance of a note, such acceptance cannot be held to have
  been indeed by such representations.

The taking of a note by plaintiff in renewal of another note induced by false
  pretense of the maker of the note, does not constitute an obtaining of property
  by false pretenses, as excepted from the operation of a discharge in bankruptcy
  under the Bankruptcy Act of 1898 as amended.

Action on the case to recover damages on account of deceit and
misrepresentations of defendant, whereby it is claimed and alleged that
defendant had fraudulently obtained property of plaintiff.   Defend-
ant filed plea of general issue, and by way of brief statement set forth
his discharge in bankruptcy.   At close of testimony, by agreement of
parties case was reported to Law Court for its determination.   Judg-
ment for defendant.

Case stated in opinion.

*McGillicuddy & Morey,* for plaintiff.

*Ralph W. Crockett,* for defendant.

SITTING: CORNISH, C. J., KING, BIRD, HANSON, MADIGAN, JJ.

BIRD, J. This action on the case is brought by plaintiff to recover damages for the deceit or misrepresentations of the defendant whereby it is claimed that defendant fraudulently obtained property of plaintiff. The case is before us upon report.

It appears from the evidence that the latter had for many years supplied the defendant with fertilizer for which, several months after delivery to him, in each year, defendant gave his note to the plaintiff. In the spring of 1913 the defendant purchased fertilizer of plaintiff to the amount of between $70 and $80 and on the twenty-first day of December, 1913, gave to the plaintiff his note to order of the First National Bank of Lewiston for $80 on six months with interest after due till paid. This note was endorsed by plaintiff who discounted it at the payee bank, receiving the proceeds. On the twenty-first day of June, 1914, it was renewed, endorsed and discounted as before. Again on December 21, 1914, it was renewed, endorsed and discounted as before. In the spring of 1914 plaintiff sold defendant fertilizer to the amount of nearly $190. The balance of the purchase price of this sale in the fall of 1914 amounted with interest, less credits, to $185.65 for which sum defendant gave his note dated December 5, 1914, in other respects of like tenor as the notes already described. This note was discounted by plaintiff at the same bank on the seventh day of December, 1914, and he received the avails. On the twenty-eighth day of May, 1915, before either of the notes given in December, 1914, became due, the defendant filed his petition in bankruptcy and was granted a discharge on the third day of September, 1915, which is pleaded by way of brief statement in bar of the action.

The plaintiff alleges that on the fourteenth day of December, 1914, the defendant made to him certain representations as to the property owned by him, which were false and untrue, relying upon which he took and accepted the notes of December 5 and December 21, 1914, and that both notes are liabilities within the debts excepted from the operation of the discharge in bankruptcy, invoking the exception of the Bankruptcy Act, relating to discharges, of debts such as '' (2) are liabilities for obtaining property by false pretense or false representations. . . . .'' 30 U. S. Stats. at Large, Chap. 541, Sec. 17, as amended by 32 U. S. Stats. at Large, Chap. 487, Sec. 5.

We are unable to perceive how the acceptance by plaintiff of the note of December 5, 1914, which was discounted two days later, could have been induced by or made in reliance upon the statement as to assets made December 14, 1914. As to this note or indebtedness, the plaintiff cannot recover. *State* v. *Church,* 43 Conn., 471, 478. See *In re McLellan,* 204 Fed., 482; *In re Main,* 205 Fed. 421, 424.

The note of December 21, 1914 for $80 was received by plaintiff and by him discounted after the statement of December 14, 1914, was communicated to him. As observed, this note was given and discounted in renewal of a former note of a like amount. The property for which the original note was given was obtained in the spring of 1913. The new note and discount afforded him an extension of credit.

Did the making of the new note of December 21, 1914, by the defendant and its acceptance by the plaintiff constitute a liability for obtaining property by false pretenses or false representations? The word property is not defined by the bankruptcy act of 1898. In *Gleason* v. *Thaw,* 185 Fed., 345, 347, 348, a petition for review of an order staying an action by which the plaintiff sought to recover for professional services alleged to have been rendered in reliance upon false representations made by defendant, the court in its opinion says:

"While enlarging somewhat the scope of such exceptions, this amendment [substituting for "judgments in actions for fraud or" the words 'liabilities for"] imposed upon the court of bankruptcy the duty of determining whether the debt sought to be excepted was or was not such a liability. . . . .

"That the word 'property' is nomen generalissimum, as asserted by the petitioner, is not to be denied, but no more is it to be denied that its meaning may be restricted, not only by the application of the maxim, noscitur a sociis, but by the purpose for which it is used, or by its evident use as a word of art, or by its use in a technical sense. The very generality of the word requires restriction, according to the circumstances in which it is used. In some judgments as well as in some obiter dicta the word 'property' has been made to cover, by a sort of rhetorical flourish, everything tangible or intangible of which value may be predicated. . . . .

"The language used in the seventeenth section of the bankruptcy act, to which we have already referred, by which liabilities for obtaining property by false pretenses are exempted from the provable debts

discharged in bankruptcy, are the usual and most general words for describing a specific crime. Their use in this connection dates back as far as the Statute of 30 George II, Chap. 34 (1757) and they have since then, so far as they define the crime, remained unchanged. 19 Cyc., 387. The same language, in substance, has been used in the statutes in this country, and where departed from, it is only by way of enumeration of certain kinds of property that may be included under the general designation. These enumerations all refer to substantive things—to a res—and in no case to which our attention has - been called is anything included in the enumeration which approaches, in its description or definition, services rendered. Certainly under no proper and strict administration of the criminal law could any one be indicted under the general language of obtaining property under false pretenses, on the ground that services, whose performance has been induced by a false pretense, are property, within the meaning of the act." See also *Gleason* v. *Thaw*, 196 Fed., 359.

It is the conclusion of the court that the acceptance and discount of the note of December 21, 1914, even if induced by false representations was not an obtaining of property within the meaning of the bankruptcy act Sec. 17, nor of our own statute defining the crime of obtaining money, goods or other property by false pretenses. R. S., Chap. 128, Sec. 1. The defendant obtained by the renewal of the note, neither money, goods nor other property. The plaintiff obtained the note and used it to replace the former note, while the defendant obtained an extension of the time of payment of his original indebtedness.

Where the plaintiffs were induced by the false statements of defendant to bring no suit upon their claim by reason of the latter representing it to be paid, it was held no exception to the discharge in bankruptcy of defendant, the court remarking that "This deceit was after the contract had been created, and formed, of course, no inducement or element of it." *Brown* v. *Broach*, 52 Miss. 536, 538. Obtaining the satisfaction of one's debt due to another, by false pretenses, no money passing has been held not indictable; *Jamison* v. *State*, 37 Ark. 445; 40 Am. Rep. 103. See also *Queen* v. *Crosby*, 1 Cox C. C. 10; *Wavell's Case*, 1 Moody C. C. 224. In *State* v. *Moore*, 15 Iowa, 412, 413, under a statute practically identical with our own (R. S. 128, Sec. 1) it is held that to obtain an indorsement or credit

upon a promissory note is not obtaining property, money or goods within the meaning of the statute. Under the bankruptcy act of 1867, it is said that "The fraud must have been committed in contracting the debt. It is no answer to the discharge that the defendant by fraud induced the plaintiff to forbear an action upon it." Low. Bankruptcy, Sec. 433. And see under the act of 1898, Id., Sec. 480. See also R. S., Chap. 128, Sec. 3.

*Judgment for defendant.*