### 15486.  SHAFER *v.* CARSON.

STEPHENS, J.  1.  The only evidence of fraud alleged upon the part of the defendant as inducing the plaintiff to become a creditor of the defendant consists of false promises upon the part of the defendant to repay the indebtedness or perform some other act in the future, and does not consist of any false representation as to an existing state of facts; and therefore the evidence is insufficient to authorize an inference that the indebtedness sued on was not dischargeable in bankruptcy upon the ground of fraud, and the trial court erred in submitting the issue of fraud to the jury.

2.  The allegations of the plaintiff's petition as to fraud which will exempt the indebtedness sued upon from becoming discharged by the defendant's bankruptcy, not being essential to the petition, but being matter by way of replication to the defendant's plea of discharge in bankruptcy, are surplusage, and the court's refusal to sustain the special demurrer thereto upon the ground of the insufficiency of the allegations was harmless to the defendant.

3.  The evidence being undisputed that all of the amount sued for, with the exception of $60.15 which represents an indebtedness created after the date of the defendant's adjudication in bankruptcy, was dischargeable in bankruptcy, the verdict found for the plaintiff in the full amount sued for was without evidence to support it.

4.  It not appearing that certain payments on the account, made by the defendant to the plaintiff after the latter had been adjudicated a bankrupt, were made by the debtor to be applied on any particular items of the account, they were presumably applied upon the oldest items, and are not properly set-offs against any of the indebtedness accruing after the adjudication in bankruptcy.  *Milford* v. *Shackelford,* 17 *Ga. App.* 436 (87 S. E. 603).

5.  The defendant having admitted the correctness of the amount sued for, the evidence demands a verdict for the plaintiff in the sum of $60.15, with interest, representing the items sued for not discharged by the defendant's bankruptcy.

6.  The verdict found not being authorized by the evidence, the order of the trial judge overruling the defendant's motion for a new trial must be reversed; but direction is given that should the plaintiff write off from the verdict all recovery in excess of $60.15, with interest thereon, at or before the time the judgment of this court is made the judgment of the trial court, the judgment will stand affirmed.

*Judgment reversed, with direction. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 11, 1925.

Complaint; from city court of Barnesville—Judge Redding. February 9, 1924.

*C. J. Lester,* for plaintiff in error.

*Claude Christopher,* contra.