16762, 16794.  STEPHENS *v.* MILIKIN; and *vice versa.*

BELL, J.  1.  It is not obtaining property by false pretenses or false representations, within the meaning of exception 2 of § 17a of the bankruptcy act of 1898 as amended, for a person by false pretenses or false representations to induce another to accept his note or due bill for money previously obtained. Carville *v.* Lane, 116 Me. 332 (101 Atl. 968); Rudstrom *v.* Sheridan, 122 Minn. 262 (142 N. W. 313).

2. Furthermore, in this case the only alleged fraud of which there was any proof consisted of a false promise on the part of the defendant thereafter to secure the debt by a mortgage and also by personal indorsements, or to do some other act in the future, and therefore did not constitute such fraud as would render the defendant's discharge in bankruptcy inoperative as to such debt. *Shafer* v. *Carson*, 33 *Ga. App.* 418 (1) (126 S. E. 735). A false promise to perform an act in the future is not a false pretense or false representation. *Meacham* v. *State*, 7 *Ga. App.* 713 (1) (68 S. E. 52); *Edge* v. *State*, 114 *Ga.* 113 (1) (39 S. E. 889); *Holton* v. *State*, 109 *Ga.* 127 (1) (34 S. E. 358); *McGhee* v. *State*, 97 *Ga.* 199 (2) (22 S. E. 589).

3. Exception 4 of § 17a of the bankruptcy act, providing that a discharge shall not release the bankrupt from debts which were created by his defalcation while acting in a fiduciary capacity, does not apply to those trusts which are merely implied by law from the contract. Where partnership assets have been sold by one of the partners and the proceeds of the sale have been received by him for the partnership, he does not hold the money as a fiduciary of the other partner or partners within the meaning of the above-mentioned provision of the bankruptcy act. *Hill* v. *Sheibley*, 68 *Ga.* 556; *White* v. *Morris Fertilizer Co.*, 31 *Ga. App.* 710 (2) (121 S. E. 704); *Inge* v. Stillwell, 88 Kan. 33 (127 Pac. 527, 42 L. R. A. (N. S.) 1093); American Agricultural Chemical Co. *v.* Berry, 110 Me. 528 (87 Atl. 218, 45 L. R. A. (N. S.) 1106); Noble *v.* Hammond, 129 U. S. 65 (32 L. ed. 612).

4. Upon application of the above-stated principles to the evidence in this case, in which the plaintiff assumed the burden of pleading and proving that the defendant's discharge in bankruptcy was not effective as a release from the note and due bill sued on, the court did not err in granting a nonsuit.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 20, 1926.

Complaint; from city court of Jesup—Judge Crawley presiding.  July 30, 1925.

*James R. Thomas & Son,* for plaintiff.

*Wilson, Bennett & Pedrick,* for defendant.

Bankruptcy, 7 C. J. p. 400, n. 23; p. 406, n. 60, 61.
Fraud, 26 C. J. p. 1087, n. 43.