25085. CROZIER, administratrix, *v.* PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY *et al.*

DECIDED JUNE 30, 1936.

*Clint W. Hager,* for plaintiff.

*Colquitt, MacDougald, Troutman & Arkwright, Robert S. Parker, Robert S. Sams, Robert P. McLarty, Walter G. Cooper Jr.,* for defendants.

MacINTYRE, J. ■ If the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit may be ordered. Code, § 110-310. A motion for nonsuit is in the nature of a demurrer to the evidence, and the only question presented by it is whether the evidence is sufficient in law to maintain the issues of fact made by the pleadings. *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280) ; *Vickers* v. *Atlanta &c. Ry. Co.,* 64 *Ga.* 306. This was an action on account of alleged fraud and deceit practiced by the defendants on the plaintiff's intestate and deceased husband. The plaintiff charged that her husband joined the Atlanta Motor Club on solicitation by one Evans, agent of that club, on the representation that by so doing there would be issued to him a policy of accident insurance in the defendant insurance company, which the defendants failed to issue, although her husband joined the club under the belief that such a policy would be issued to him. The petition charges that the automobile club was the general agent of the insurance company in this transaction and in issuing insurance certificates in the company to its mem-

bers. This was not a suit on a policy, but an action for damages in tort on account of alleged fraud and deceit practiced upon the plaintiff's intestate. The evidence failed to show that Evans, the agent soliciting the membership of the plaintiff's intestate in the automobile club and alleged to have represented that a membership in the association would entitle him to a certificate of insurance in the defendant company of $1000, which would be issued to him immediately upon his joining the club, made any fraudulent misrepresentation to the plaintiff's intestate. The evidence failed to establish the fraud and deceit on the part of the defendants which were alleged as the basis of the action. Further, the plaintiff did not prove that the automobile club was the general agent of the insurance company. The evidence introduced tended to show that the club acted as agent *for its members* in the matter of obtaining certificates in the insurance company. The evidence also tended to show that the plaintiff's intestate had been a member of the club and had a certificate of insurance in the previous year, which was not issued to him until there had been payment by him of the entire membership dues for that year, and that the plaintiff's intestate had paid only a part of his membership dues for the year involved in this case. There was no evidence that there had been any actual or implied waiver by the insurer of the payment of the dues before it would issue a policy to a member of the club. The evidence failed to make out the prima facie case set out in the petition.

Furthermore, if Evans had promised the plaintiff's intestate that if he became a member of the club, whether he paid his yearly dues in full or not, he would receive a certificate of the insurer, there was no proof that in making this promise Evans had authority to act for and was acting for any person other than the automobile club. There was no evidence that the club was the general agent of the insurer. There was no liability on the insurer for the acts of Evans. The evidence went no further than to show that the club acted for its members, and that the certificate issued to its members was a certificate in a group policy, and the master-group contract provided that the insurer would not be responsible for representations and promises on the part of the automobile club or any agent of it, and that the defendant would issue a certificate to a member only upon payment to it of the en-

tire year's dues in the club. Under the evidence there was no liability on the insurer in an action for damages based on the alleged fraud of Evans. A false promise to perform an act in the future is not a false pretense or false representation, although the other party acts thereon, and the same can not be made the basis of an action for damages for fraud. *Stephens* v. *Milikin*, 35 *Ga. App.* 287 (2) (133 S. E. 67); *Shafer* v. *Carson*, 33 *Ga. App.* 418 (126 S. E. 735); *Edge* v. *State*, 114 *Ga.* 113 (39 S. E. 889). Therefore the fact that Evans promised the plaintiff's intestate that if he would join the automobile club he would receive a benefit certificate in the insurance company, even if the plaintiff's intestate relied thereon and would not have become a member had it not been for such statement, would not render this statement anything more than a false promise to perform an act in the future. Under the evidence the automobile club was not liable in tort for damages on account of any fraudulent representations of Evans. Applying the above principles to the evidence introduced by the plaintiff, she failed to prove her case as laid, and the judge did not err in awarding a nonsuit as to both defendants.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*