25944. THIGPEN, administrator, *v.* HARBISON-WALKER REFRACTORIES COMPANY *et al.*

DECIDED MARCH 4, 1937.

*L. B. Hartley, W. K. Miller, Casey Thigpen,* for plaintiff.
*Bussey & Fulcher,* for defendants.

SUTTON, J. The petition contains some allegations which are appropriate, if not adequate, to an action for breach of contract, and others which suggest that the pleader is attempting to recover for a tort consisting of fraud and deceit. The demurrers included a special ground that the petition was duplicitous in that it sought to recover for an alleged breach of contract and also for an alleged fraud perpetrated upon the plaintiff's intestate by the defendants. After the filing of the demurrers the plaintiff amended the petition by elaborating allegations of fraud and deceit, presumably intending thereby to elect to proceed on the theory of a tort action for fraud and deceit, although not striking any allegations which sounded in breach of contract. The defendants renewed their demurrers, general and special. The court did not affirmatively rule on the special demurrer, but sustained the general demurrer and dismissed the petition. It is not apparent whether the general grounds were sustained because the court considered that the petition did not set out a cause of action for breach of contract, or that the petition did not set out a cause of action for a tort consisting of fraud and deceit. However, the plaintiff and the defendants in their briefs treat the issue as if the only question is whether or not the petition set out the latter cause of action; and our treatment of the case will accordingly be limited to that premise. There is nothing in the

pleadings which shows any promise on the part of the defendants to indemnify the plaintiff's intestate against loss arising from his death or from any disabilities that he might incur. It is likewise apparent that there was no consideration moving from the employee for the alleged promise of the defendants to collect and deliver to the employee the forty installments or payments of $26.25 each. That being true, such a promise, if made, would be a nudum pactum. These considerations may have induced the plaintiff to abandon any position except that under which it is argued that the petition set out a cause of action for fraud and deceit. In support of such contention it is claimed that the defendants, after inviting the confidence of their employee Shelton, and knowing that he confided in them, were in duty bound to protect him in the preservation and collection of the insurance they had inaugurated for his benefit, but that they deceived him and made him believe that they would collect and pay him the installments claimed to be due after his disability occurred, but that they fraudulently did not intend to do so, and that they thereby prevented him from asserting his legal rights in court in his lifetime; that they fraudulently concealed from him the fact that after his injury they had canceled the group-insurance policy, to forestall any payment to him. It is contended that thereby he was damaged, and that the plaintiff, his representative, was damaged to the extent of the forty installments of $26.25 each. If, as alleged in the petition, the intestate became totally and permanently disabled on June 18, 1931, which was during the pendency of the insurance, he was then in a position, on furnishing due proof to the insurance company in accordance with the provisions of his certificate, to enforce an action against the insurer in the event of its refusal to pay within the prescribed time. Therefore the fact that the employer, on June 30, 1932, caused the insurance to be canceled did not militate against any accrued right of the intestate. Moreover the employer was within its rights. "While one to whom a certificate is issued under a master or group policy of insurance is entitled to sue thereon in his own name (*Carruth* v. *Ætna Life Ins. Co.*, 157 *Ga.* 608, 617, 122 S. E. 226), the instant group or master policy is manifestly and by its express terms an agreement between the insurance company and the employer. Under its terms, the company looked exclusively to the employer for the

payment of premiums; and it was the employer who it was provided 'may, on due notice to the company at each succeeding anniversary hereof, renew the policy for the term of one year, provided renewal is not declined by virtue of the provision' relative to the number of employees insured falling below 75 per cent. of those eligible for insurance. Since it was only the employer who could renew, it likewise follows that it was only the employer who could discontinue the policy; and the fact that the employee was not given notice by the employer that such action would be taken did not operate to keep alive the policy after it had been actually terminated by agreement between the contracting parties. Notice by the employer to the employee of the intended cancellation would have availed nothing, since the employee could not have assumed the position of the employer in continuing the policy in force." *Johnson* v. *Metropolitan Life Ins. Co.,* 52 *Ga. App.* 759, 763 (184 S. E. 392). The gravamen of the complaint in the present case is that the intestate, being ignorant and reposing confidence in his employer to collect for him the sums due under the certificate of insurance, was by the false promises of the employer lulled into inaction until the time expired when he might have furnished due proof to the insurer and in which he might have maintained an action against it upon its refusal to pay, and that he was left remediless against the insurer. But did the conduct of the agent Counts amount to actionable fraud and deceit? In *Rogers* v. *Sinclair Refining Co.,* 49 *Ga. App.* 72 (174 S. E. 207), it was held: "In actions for fraud the representations relied on must relate to past or existing facts, and can not consist of mere broken promises, unfulfilled predictions, and erroneous conjectures as to future events." See also *Shafer* v. *Carson,* 33 *Ga. App.* 418 (126 S. E. 735); *Stephens* v. *Milikin,* 35 *Ga. App.* 287 (133 S. E. 67); *Self* v. *American National Ins. Co.,* 51 *Ga. App.* 251 (180 S. E. 21); 26 C. J. 1087. Tested by this rule it can not be said that any actionable fraud or deceit was practiced upon the intestate. The statement by Counts that he would not be obliged to pay any more premiums was true. The statement that the employer would collect and pay to him the installments due related only to future acts. The fact that the company "deceived" him by canceling the insurance after the disability occurred, if deceitful, was not harmful, because that act did not forestall his legal rights. Even

406

if it be said that between the defendants and the intestate a fiduciary relation existed, there is no allegation that it was abused by the defendants to the extent of profit to themselves. Nor is it shown that any dominion or force was exerted upon the employee, so as to prevent him from asserting in his own behalf whatever right he may have had against the insurer. It is apparent from the allegations of the petition that he was misled by those he trusted, but his failure to avail himself of his rights was not attributable to representations as to "past or present facts." Consequently he can not be said to have been damaged by any actionable fraud or deceit of the defendants. The court did not err in sustaining the general demurrer.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*