30904. McCLAIN *et al. v.* JACKSON.

Decided November 16, 1945. Rehearing Denied December 10, 1945.

*Charles W. Anderson,* for plaintiffs.

*James F. Cox,* for defendant.

MacIntyre, J. This case, brought by W. M. and Mrs. Ruby McClain, originated as a complaint in equity but was thereafter amended. For the purpose of testing the jurisdiction of this court, the case must be appraised in the character it bore at the time the issues resulting in the judgment complained of were submitted. *Gilbert Hotel* v. *Black,* 192 *Ga.* 641, 643 (16 S. E. 2d, 435). The judgment here complained of and excepted to is the nonsuit.

At the time the nonsuit was granted, the case involved only a question of law, and was purely a case of the payment or non-payment of the installments due on a promissory note or notes, i. e., whether W. M. and Mrs. Ruby McClain had met all of their installment payments on the promissory note or notes executed by them, evidencing a debt for the balance due on the purchase-price of land for which a deed was given as security. It seems to us that this is the only question which could be reviewed by the appellate court— the payment or non-payment of a money demand—and that this court has jurisdiction. *Byrd* v. *Piha,* 169 *Ga.* 115 (149 S. E. 699); *Drawdy* v. *Musselwhite,* 150 *Ga.* 723 (105 S. E. 298); *Blankenship* v. *Cochran,* 151 *Ga.* 581 (107 S. E. 770).

The plaintiffs in error seem to recognize this principle, for they state in their bill of exceptions as follows: "The Court of Appeals of Georgia has jurisdiction of said case because only a question of law is involved in the grant of said motion for nonsuit or dismissal herein." The opposite party, by his silence, seems to acquiesce in this interpretation of the law.

Upon examination of the record, we think that the testimony of W. M. and Mrs. Ruby McClain, the plaintiffs in error, along with all the other evidence introduced by them, showed that all the installments due upon the purchase-money note or notes had not been paid, as alleged in their petition. Thus the evidence not being "sufficient in law to maintain the issues in fact made by the pleadings," the judge did not err in granting a nonsuit. *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280); *Crozier* v. *Provident Life &c. Insurance Co.,* 53 *Ga. App.* 572 (186 S. E. 719).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*