31539.  COSBY *v.* ASHER.

Decided March 21, 1947.

886

*Mitchell & Mitchell*, for plaintiff.

*Dunaway, Riley & Howard*, for defendant.

GARDNER, J. In our view, if the petition fails to set out a cause of action for fraud and deceit, the demurrer was properly sustained. Otherwise the petition should not have been dismissed on demurrer. Let us therefore gage the petition by the essential and necessary elements which must be alleged and proved in an action for fraud and deceit. The decisions of our court are clear and specific as to what these elements are: (a) that the representations were made by the defendant; (b) that they were knowingly and with design false; (c) that they were made for the purpose and intent to deceive and defraud; (d) that they did deceive and defraud; (e) that they related to an existing or past fact; (f) that the party to whom the false statements were made did not know that they were false; (g) that he relied on their truth and suffered a loss. See Code, § 105-302; *Wooten* v. *Callahan*, 32 *Ga.* 382; *Brooke* v. *Cole*, 108 *Ga.* 251 (33 S. E. 849); *Goddard* v. *State*, 2 *Ga. App.* 154 (58 S. E. 304); *Rogers* v. *Sinclair Refining*

*Co.*, 49 *Ga. App.* 72 (174 S. E. 207) ; *Crozier* v. *Provident Life &c. Ins. Co.*, 53 *Ga. App.* 572 (186 S. E. 719) ; *Thigpen* v. *Harbison-Walker Co.*, 55 *Ga. App.* 397 (190 S. E. 378) ; *Snows Laundry &c. Co.* v. *Georgia Power Co.*, 61 *Ga. App.* 402 (6 S. E. 2d, 159) ; *Brown* v. *Ragsdale Motor Co.*, 65 *Ga. App.* 727 (16 S. E. 2d, 176).

We will not enter at length into an analysis of the allegations of the petition as they apply to the principles of law involved in an action for fraud and deceit. It will be noted from the petition that it is alleged that the defendant falsely represented that he had a four year lease. Upon an examination of the lease as attached to the petition, the second year of the lease was still to run, when the plaintiff took possession of the filling station, with the exception of eight days. Then there was an optional three years' lease which the lessee could exercise by merely giving thirty days notice prior to November 8, 1946, that he did intend to exercise the option. Under these provisions we consider that the defendant did have substantially a four year lease at the time the plaintiff went into possession of the property. So there does not appear from the petition that the defendant in this particular made any false representations as to the duration of his lease. The petition further alleges that the lease could and would be transferred to the purchaser. This is clearly a representation meant to take place in the future and did not misrepresent and had no relation to the misrepresentation of an existing fact or a past event,—an essential element of fraud. It is elementary that no one has a right to rely on a statement of another as to what could and would take place in the future. The activities of life are too uncertain for anyone to depend on such representations. And the law recognizes no actionable right in the event one does rely upon such uncertainties.

There appears nowhere in the allegations of the petition any good reason why the plaintiff did not see the lease or talk to the lessor before he paid over his money and went into possession of the property without any inquiry on his part whatsoever as to the terms of the lease or the covenants of the lease or as to whether the defendant had complied with the obligations on his part. It does not appear that the plaintiff ever asked the defendant to show the lease to the plaintiff. It is true that the petition alleges

888

that at the time the defendant was carrying on the negotiations with the plaintiff that the lessor had decided to declare the lease at an end on account of the failure of the defendant to observe the covenants. But the petition nowhere alleges that the defendant knew that the lessor Hendricks had so decided. We might in this connection concede that the defendant had not observed some of the covenants, yet if the petition does not allege that the defendant knew that on this account the lessor had decided to cancel the lease at the time of the negotiations in question, then the petition fails in this vital respect to set out a cause of action.

We are not unmindful that the petition alleges that the lessor Hendricks was out of the county and "the plaintiff could not consult him." It does not appear that the defendant knew Hendricks was out of the county. It appears from the petition that the lessor did return about December 1, 1945, which was only two weeks after the plaintiff went into possession. It does not appear from the petition that the lessor had the defendant's lease. The petition does not allege any good reason, in our opinion, why the plaintiff should have so hastily put his money in the filling station without making any kind of investigations. His petition shows on his part no sort of diligence. *Sawyer* v. *Birrick*, 33 *Ga. App.* 746 (127 S. E. 806); *Miller* v. *Martin-Ozburn Realty Co.*, 18 *Ga. App.* 768 (90 S. E. 652); *Rutland* v. *Parham*, 32 *Ga. App.* 662 (124 S. E. 355); *Miller* v. *Roberts*, 9 *Ga. App.* 511 (71 S. E. 927); *Brim* v. *Couch*, 184 *Ga.* 310 (191 S. E. 94).

Neither does the petition allege any act on the part of the defendant which kept the plaintiff from making inquiry and observing for himself the terms of the contract. While the cases above cited are not, as it were, on all fours with the facts of the instant case, they illustrate the principle involved.

In our opinion the petition failed to set out a cause of action.

The court did not err in sustaining the demurrer and dismissing the petition for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*