### 34658. GARDNER *v.* CELANESE CORPORATION OF AMERICA.

Decided July 14, 1953—Rehearing denied July 27, 1953.

*Fullbright & Duffey,* for plaintiff in error.

*Wright, Rogers, Magruder & Hoyt,* contra.

CARLISLE, J.   It is at once clear to us from a consideration of the allegations of the petition that the plaintiff is not seeking a recovery in this case for any breach of a contract of employment. No contract of employment, or breach of duties owed the plaintiff under a contract of employment, or any other contract, is alleged.   The gist of the action is in tort for fraud and deceit. It is alleged that the plaintiff was on March 1, 1952, relieved of his duties by the defendant, acting through its agent and em-

ployee, and was told that he was being placed on furlough status and would be returned to work. This, according to the allegations of the petition, was untrue as the defendant terminated his employment as of that date, and this was done fraudulently, falsely, wilfully, and with full knowledge of the actual facts. The plaintiff sought other employment, but his prospective employers would not employ him upon learning of his furlough status with the defendant. If the plaintiff's employment with the defendant was at an end and the defendant knew that it was at an end, it had no right to tell the plaintiff anything other than that his employment was terminated. Under the allegations of the petition, if the plaintiff had not told his prospective employers that he was on furlough status and would be returned to work with the defendant, he could have procured employment. He is not seeking damages for the defendant's failure to return him to work, but he does seek damages for the defendant's preventing his employment elsewhere by designating his status as on furlough. This representation of his employment status was false. He acted upon the misrepresentation by telling his prospective employers of such designation, and by doing so was prevented from securing employment. He says that this was done wilfully and with full knowledge of the facts. We have not the slightest hesitancy in holding that the petition stated a cause of action for fraud and deceit under the provisions of Code § 105-302. Whatever the term "furlough status" means, its use by the defendant in falsely designating the plaintiff's employment status with it prevented his employment elsewhere, when in truth his employment with the defendant was at an end. This the defendant had no right to do. We conceive that every man has a right to earn a livelihood and a right of action against anyone who, by false representations, wrongfully interferes with that right. It follows, therefore, that the trial court erred in sustaining the general demurrer and dismissing the petition.

Pursuant to the act of the General Assembly approved March 8, 1945 (Ga. L. 1945, p. 232), requiring that the whole court consider any case in which one of the Judges of a Division dissents, this case was considered and decided by the court as a whole.

*Judgment reversed. Sutton, C. J., Gardner, P. J., Felton and Worrill, JJ., concur. Townsend, J., dissents.*

TOWNSEND, J., dissenting. The petition here alleges merely that the defendant "released plaintiff from his duties and . . . represented to plaintiff that he was placed on a furlough status and would be returned to work." No explanation of the term "furlough status" is attempted, and it does not appear that there was any contractual relationship between the parties after plaintiff was *released from his duties*. Accordingly, the meaning of this allegation, when construed against the pleader, is simply that the contract of hiring ended at the will of the employer, and that, when the plaintiff was laid off, he was also promised future employment at some indefinite time. This cannot amount to more than a false promise of the employer to rehire the employee. "A false promise to perform an act in the future is not a false pretense or false representation, although the other party acts thereon, and the same can not be made the basis of an action for damages for fraud." *Crozier* v. *Provident Life &c. Insurance Co.*, 53 *Ga. App.* 572 (186 S. E. 719). See also *Shafer* v. *Carson*, 33 *Ga. App.* 418 (126 S. E. 735); *Meacham* v. *State*, 7 *Ga. App.* 713 (1) (68 S. E. 52); *Stephens* v. *Milikin*, 35 *Ga. App.* 287 (133 S. E. 67).

Accordingly, I am of the opinion that the trial court properly sustained the general demurrer to the petition.