### 42193. WARNER v. JETER.

BELL, Presiding Judge. The amended petition alleges that on June 25, 1959, defendant received from the plaintiff $2,500 for the use of defendant at his request; that defendant agreed to pay plaintiff within a period of six months from the date of June 25, 1959; that defendant stated he desired plaintiff to go in with him for the purchase of certain realty; that unknown to plaintiff, the defendant had previously purchased the realty on June 19, 1959; that relying on the representations that the money was to be used for the purchase of the realty, petitioner gave to defendant the sum of $2,500; that on May

10, 1960, defendant conveyed the property to another, but did not tell plaintiff the sale had been consummated nor did the defendant on demand repay the plaintiff the money owed. *Held:*

Liabilities of a bankrupt representing money or property obtained "by false pretenses or false representations" are not released by a discharge in bankruptcy. 11 U.S.C.A. § 35 (a) (2). However, a petition alleging an excluded debt and seeking to recover the debt must assert a valid cause of action based on the fraud in order to show that the debt was not released by the discharge. The petition here is defective under Georgia law since it merely implies false promises on the part of the defendant to sell certain realty in the future and to repay the debt from the proceeds of the future sale. Fraud cannot be predicated upon statements which are promissory in their nature as to future acts. *Jackson v. Brown*, 209 Ga. 78 (70 SE2d 756); *Musgrove v. Musgrove*, 213 Ga. 610 (100 SE2d 577); *Beach v. Fleming*, 214 Ga. 303 (104 SE2d 427); *Shafer v. Carson*, 33 Ga. App. 418 (126 SE 735); *Stephens v. Milikin*, 35 Ga. App. 287 (133 SE 67); *Crozier v. Provident Life &c. Ins. Co.*, 53 Ga. App. 572 (186 SE 719).

*The trial court's judgment sustaining the defendant's general demurrer and dismissing the plaintiff's petition is affirmed. Jordan and Eberhardt, JJ., concur.*

ARGUED SEPTEMBER 6, 1966—DECIDED JANUARY 6, 1967.

*Isabel Gates Webster, James W. Hawkins,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, Robert J. Castellani,* for appellee.