## 68531. LEAVITT v. CARR, ABNEY & TABB.

BANKE, Presiding Judge.

The plaintiff, a law firm, brought suit in the State Court of Fulton County to recover on a contract of guaranty, wherein the defendant had agreed "to pay any reasonable fee of Lyon Enterprises for the services rendered by [the] firm." The agreement further provided that it would only be effective "should the court disallow the payment of [the] fees from the escrow account that is to be created for that purpose."

The services in question were rendered by the firm in connection with a petition by Lyon Enterprises for reorganization under Chapter 11 of the Federal Bankruptcy Act. The firm had obtained permission of the bankruptcy court to allow Lyon Enterprises to use the cash collateral of its major creditor in order to continue to operate during the reorganization period, and it planned to collect its fee from the revenue generated by the continued operations. The defendant, Leavitt, became interested in purchasing Lyon's assets, consisting of its inventory and equipment, but the plaintiff initially declined to petition the bankruptcy court for approval of this sale because the inventory and equipment were essential to the generation of revenue with which to pay its legal fees for representing Lyon before the bankruptcy court. The guaranty agreement was executed to overcome this impasse.

The bankruptcy court ordered $10,000 of the proceeds from the sale of the assets to be placed in escrow to pay such attorney fees "as might be earned by debtor's counsel (plaintiff) and allowed by the court." Subsequently, the bankruptcy court issued an order awarding the plaintiff only $1,000 in fees from the funds held in escrow. On these facts, the trial court entered summary judgment in favor of the plaintiff for the remainder of the plaintiff's fee, in the amount of $7,575. The defendant appeals. *Held*:

1. The defendant contends that the guaranty contract is unenforceable because it is ambiguous and indefinite. " 'A contract of guaranty is primarily one to pay the debt of another, which may be due and payable by the principal debtor to the creditor, upon the default of the principal debtor,' and if there is any ambiguity in it the contract is to be construed most strongly against the maker. [Cit.] '[T]he courts will not be strict in the construction of such instrument[s] . . . but they are to be taken as strongly against the party giving the guarantee, as the sense of them will admit.' [Cit.]" *Es-*

*cambia Chemical Corp. v. Rocker*, 124 Ga. App. 434, 441 (184 SE2d 31) (1971). "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction." *Twisdale v. Ga. R. Bank & Trust Co.*, 129 Ga. App. 18, 20 (198 SE2d 396) (1973). The intention of the parties in this case is clear, and the contract in this case is neither ambiguous nor indefinite.

2. The defendant also contends that the guaranty agreement is not supported by valid consideration in that the plaintiff was already ethically obliged in the best interest of its client, Lyon Enterprises, to petition the bankruptcy court to allow the assets sale. We disagree. It is undisputed that the defendant knew that plaintiff's fees, which were to have been generated from the continuing operations of Lyon Enterprises, would be non-existent upon the sale of the assets and the cessation of operations. Even assuming that the application for approval of the asset sale was in the best interest of Lyon Enterprises, it does not follow that the plaintiff was obliged to undertake that task without compensation. "The contract of suretyship or guaranty is one whereby a person obligates himself to pay the debt of another in consideration of a benefit flowing to the surety or in consideration of credit or indulgence or other benefit given to his principal, the principal in either instance remaining bound therefor . . ." OCGA § 10-7-1. The defendant's argument that the agreement lacks consideration is without merit.

3. The defendant contends that material issues of fact exist as to whether the plaintiff was guilty of fraud. After a thorough review of the record, we find no evidence which would have authorized the submission of this defense to the jury. See generally *Marler v. Dancing Water Lakes*, 167 Ga. App. 99 (1) (305 SE2d 876) (1983). The contention that there are other fact issues which preclude summary judgment is also without merit.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 28, 1984.

*William B. Lyons*, for appellant.
*Mark A. Kelley, J. Renee Kastanakis*, for appellee.