65933. MARLER v. DANCING WATER LAKES, INC. et al.
65934. LITTLE v. DANCING WATER LAKES, INC. et al.

CARLEY, Judge.

Appellee-plaintiffs brought suit against appellant-defendants, seeking to recover on a promissory note, interest and attorney fees. Appellants answered and raised the affirmative defenses of fraud in the inducement and accord and satisfaction. The case proceeded to trial. At the close of the evidence, appellees successfully moved for directed verdict. Appellants filed separate appeals which have been consolidated and which will be treated as companion cases for purposes of appellate review.

1. It is first urged that the issue of fraud in the inducement remained for jury resolution and that a directed verdict for appellees was accordingly erroneous.

Apparently, the note was given by appellants in connection with their purchase of certain property owned by appellees, but which was in imminent danger of being foreclosed by the holder of a deed to secure debt. The note from appellants to appellees was secured by a second deed to secure debt. The asserted misrepresentations which allegedly induced appellants into signing the note were statements concerning the possibility for re-selling the realty to certain named "prospects" at a profit and, also, statements concerning the future installation of a paved road and adequate sewer lines to serve the property, construction of which would result from appellees' "in" with the county government. In fact, after appellants signed the note, the property was not purchased by any of the "prospects" and it was determined that the paving of the road and the installation of sewers would require an expensive personal outlay. It is undisputed, however, that at the time the note was signed, appellants knew that the property had not as yet been definitely "sold" to any of the "prospects" and that it was not yet served by paved road or by sewer lines.

"Fraud renders a contract voidable at the election of the injured party. [Cit.] The defendant may attack a contract in a court of law on the ground that it was procured by fraud. [Cit.] 'In order to show fraud and misrepresentation in the procurement of the contract as a defense to an action on the contract, it is not sufficient to show that false representations were made, which were known to be false and which were made with the intention to deceive. It must also be shown that the defendant exercised due care to discover the fraud and that he relied upon the false representations to his injury.' [Cit.] 'It is well settled that fraud cannot form the basis of an action or a defense thereto, in the absence of any trust or confidential relationship, if it

appears that the person relying on the fraud as a basis for the action or in defense thereto had equal and ample opportunity to prevent the happening of the occurrence, and made it possible through a failure to exercise proper diligence.' [Cit.] . . . Representations under the general head of 'dealer's talk' are regarded as mere commendations, 'puffing,' or expressions of opinion, and do not, though untrue, constitute false representations which will avoid a contract. [Cit.] The representations to support a claim must relate to an existing fact and not a future event, unless it be an event which the party making the representation knows will never occur. Mere broken promises, unfulfilled predictions, and erroneous conjectures do not meet this test. [Cits.]" *American Food Services v. Goldsmith,* 121 Ga. App. 686, 687-688 (175 SE2d 57) (1970). "It is difficult to lay down an absolute test for determining what statements are representations which come within 'dealer's talk.' Where representations amount to mere expressions of opinion, they come within the scope of this rule, and do not, though untrue, constitute such false representations as will avoid the contract." *Williams v. Fouche,* 164 Ga. 311 (5a) (138 SE 580) (1927).

The application of the aforesaid legal principles in the instant case demonstrates that the statement concerning the future prospects for the profitable resale of the property would not constitute a misrepresentation sufficient to avoid the contract. See generally *Boatman v. C. & S. Nat. Bank,* 155 Ga. App. 848 (273 SE2d 190) (1980). " '[W]here the representation consists of general commendations or mere expressions of opinion, hope, expectation, and the like, and where it relates to matters which from their nature, situation, or time, can not be supposed to be within the knowledge or under the power of the party making the statement, the party to whom it is made is not justified in relying upon it and assuming it to be true; he is bound to make inquiry and examination for himself so as to ascertain the truth.' [Cit.]" *Rogers v. Sinclair Refining Co.,* 49 Ga. App. 72, 75 (174 SE 207) (1934). "It is elementary that no one has a right to rely on a statement of another as to what could and would take place in the future. The activities of life are too uncertain for anyone to depend on such representations. And the law recognizes no actionable right in the event one does rely upon such uncertainties." *Cosby v. Asher,* 74 Ga. App. 884, 887 (41 SE2d 793) (1947).

The same analysis would be applicable to the asserted misrepresentations concerning the availability and cost of road paving and sewer installation in the future as the result of appellee's "in" with the county government. "Actionable fraud cannot be based on statements and promises as to future events [Cits.] 'Fraud cannot

be predicated upon statements which are promissory in their nature as to future acts.' [Cits.] . . . Nor does actionable fraud result from a mere failure to perform promises made. [Cit.]" *Ely v. Stratoflex,* 132 Ga. App. 569, 571 (208 SE2d 583) (1974). "This is clearly a representation meant to take place in the future and did not misrepresent and had no relation to the misrepresentation of an existing fact or a past event, — an essential element of fraud." *Cosby v. Asher,* supra at 887. "Mere 'puffing' does not constitute legal fraud, the same not being calculated to really mislead a purchaser, especially when he is afforded a full opportunity to form his own independent opinion as to the advisability of becoming a purchaser . . ." *Terhune v. Coker & Co.,* 107 Ga. 352, 354 (33 SE 394) (1899). See also *Williams v. Lockhart,* 221 Ga. 343 (144 SE2d 528) (1965).

After a thorough review of the record, we find no evidence which would have authorized the submission of the issue of fraud in the inducement to a jury. The trial court did not err in granting appellees a directed verdict as to this defense.

2. Appellant Little also asserts that the issue of accord and satisfaction remained for jury resolution and precluded the grant of directed verdict to appellees as against him. The evidence demonstrates that, subsequent to appellants signing the note, there was an attempt to sell the property to another. The terms of the preliminary contract made provision for the holder of the first mortgage and appellees, as holders of the second mortgage, to accept certain installment payments from the prospective buyer as payments on their respective mortgages. In connection with this sale, appellant Little executed an agreement which he asserts was an accord and satisfaction of his further obligation on the note to appellees. That agreement contained the following relevant provision: "In consideration of [appellees] forebearing [sic] in the collection of a certain note which was in the amount of $200,000 and represented by a second deed to secure debt in favor of [appellees], and which is better described within the preliminary contract for the sale of realty (marked copy 1), the said [appellant Little] consents to the scheme of payment of the second mortgage or indebtedness represented by the note and deed to secure debt and *agrees specifically that [he does] not consider this to be a novation of the contract between [appellees,] [himself] and [appellant] Marler which was a certain note for $200,000.00* and a certain deed to secure debt described in the preliminary contract for the sale of realty (marked copy 1.)" (Emphasis supplied.)

The agreement specifically states that payments to appellees from the prospective purchaser will *not* be considered as a novation of

the note and that appellees will merely forbear collection on the note in return for those payments from the third party. "Forbearance" is defined as an "[a]ct by which creditor waits for payment of debt due him by debtor after it becomes due . . . Indulgence granted to a debtor." Black's Law Dictionary (4th Ed. 1951). See generally *Brantley v. Watt Bros. Co.,* 24 Ga. App. 34 (99 SE 780) (1919); *Rose v. Conagra-Ga.,* 132 Ga. App. 421 (208 SE2d 194) (1974). "While there may be a novation of debtors, even as to sealed instruments, the novation must be such as to release the original debtor and substitute a new debtor in his place. This release and substitution may be by express terms, or may be inferred from the acts of the parties or by necessary implication from a construction of the subsequent agreement. [Cits.] However, before there can be a novation of debtors, the original debtor must be released. If the original debtor is not released, there is no novation of debtors. [Cits.]" *Loftis Plumbing &c. Co. v. American Surety Co.,* 74 Ga. App. 590, 593 (40 SE2d 667) (1946). The agreement is clear that appellant Little is not to be released from liability on the note and there was nothing in the agreement to authorize the submission to the jury of the issue of accord and satisfaction.

*Judgments affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 23, 1983.

*Duard R. McDonald,* for appellant (case no. 65933).
*Theodore G. Frankel, Thomas J. Browning,* for appellees.
*Thomas J. Browning,* for appellant (case no. 65934).
*Duard R. McDonald, Theodore G. Frankel,* for appellees.