74348, 74349. SELIGMAN et al. v. SAVANNAH WHOLESALE
COMPANY, INC.; and vice versa.
(363 SE2d 785)

CARLEY, Judge.

Ms. Seligman and Mrs. Friedenberg (hereinafter referred to as the "Lessors") leased premises to Savannah Wholesale Company, Inc. (hereinafter referred to as the "Lessee") under a lease agreement that was to expire on January 31, 1985. In June of 1984, the Lessors began to negotiate the terms of a new lease with Mr. Forstot and Mr. Brueck, employees of the Lessee's real estate division. Mr. Forstot sent Ms. Seligman a proposed lease and invited her to make revisions. Ms. Seligman made a counter-proposal to Mr. Forstot. On November 8, 1984, Mr. Brueck sent Ms. Seligman a revised lease which incorporated her suggestions. The cover letter read, in material part: "Enclosed you will find four (4) copies of *our* lease agreement, with the changes you requested, except for the following omissions. . . . If the

lease meets your requirements, please have three (3) copies executed and returned to me. *I, in turn, will have them executed* and return one (1) copy to you and one (1) copy to Mrs. Friedenberg. Thank you. Sincerely, Albert Brueck." (Emphasis supplied.) On December 4, 1984, the Lessors executed the three copies of the new lease agreement and delivered those copies to Mr. Brueck. However, the Lessors were never in turn furnished a copy of the new lease agreement which had been formally executed on behalf of the Lessee. On February 1, 1985, the Lessors were orally notified that the new lease had not been and probably would not be formally executed by the Lessee. On February 4, 1985, the Lessee notified the Lessors by letter that it would not perform under the new lease and would vacate the premises within 90 days.

On February 19, 1985, the Lessors filed this suit, alleging that the Lessee, through its agents, had fraudulently induced the Lessors into signing a new lease agreement which the Lessee itself had never intended to perform. The Lessors also sought to enjoin the Lessee from entering or remaining on the premises but an agreement was reached whereby the Lessee was allowed to remain on the premises until March 31, 1985. After the premises had been vacated, the Lessors amended their complaint to add a breach of contract claim against the Lessee.

The Lessee subsequently moved for summary judgment in its favor as to both counts of the Lessors' complaint. The trial court granted the Lessee's motion as to the Lessors' fraud claim but denied the Lessee's motion as to the Lessors' breach of contract claim. In case No. 74348, the Lessors appeal from the grant of the Lessee's motion for summary judgment as to their fraud claim. In case No. 74349, the Lessee cross-appeals from the denial of its motion for summary judgment as to the Lessors' breach of contract claim.

*Case No. 74348*

1. The grant of appellee-Lessee's motion for summary judgment on the fraud claim is enumerated as error by the appellant-Lessors.

"The elements of fraud are '(1) a false representation made by the defendant; (2) scienter; (3) an intention to induce [the] plaintiff to act or [to] refrain from acting in reliance thereon; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff. [Cit.] . . .' [Cit.]" *Allen v. Sanders*, 176 Ga. App. 647, 648 (1) (337 SE2d 428) (1985). The Lessors had alleged that, on November 8, 1984, when they were sent the letter wherein the unqualified request for their signatures on the new lease agreement was made and the unqualified representation as to the Lessee's future execution of the new lease agreement was given, the Lessee had no present intention to perform under that new

agreement. "Although fraud may not generally be predicated on statements which are promissory in nature as to future acts or events, it can be predicated on such representations where there is a present intention not to perform or a present knowledge that the future event will not occur. [Cits.]" *Seminole Peanut Co. v. Goodson,* 176 Ga. App. 42, 45-46 (3) (335 SE2d 157) (1985).

However, notwithstanding the allegations of the Lessors' complaint, the Lessee presented unrebutted evidence in support of its motion for summary judgment which established that, at the time the letter had been sent to the Lessors, it had every intention of performing under the new lease agreement. Under this evidence, it was not until December of 1984 that the Lessee had become dissatisfied with the leased premises for reasons having nothing to do with the terms of the new lease and it was only then that the Lessee had begun to negotiate for a new lease elsewhere. "[O]nce a party in the position of a ·defendant who is a movant for summary judgment pierces the pleadings of one in the position of a plaintiff and shows to the court that one essential element under any theory of recovery is lacking and incapable of proof, the defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements. [Cit.]" *Waldrep v. Goodwin,* 230 Ga. 1, 2 (1) (195 SE2d 432) (1973). Construing the evidence most strongly in favor of the Lessors, the "lack of scienter and false representation without more justifies granting the summary judgment [to the Lessee]." *A-larms, Inc. v. Alarms Device Mfg. Co.,* 165 Ga. App. 382, 385 (1) (300 SE2d 311) (1983). Accordingly, the trial court did not err in granting summary judgment to the Lessee as the Lessors' fraud claim.

### Case No. 74349

2. In its cross-appeal, the Lessee enumerates as error the denial of its motion for summary judgment as to the Lessors' breach of contract claim.

The facts in this case are almost identical to those in *20/20 Vision Center v. Hudgens,* 256 Ga. 129 (345 SE2d 330) (1986). In that case, the Supreme Court held "[w]ere it not for the existence of one clause in the proposed lease agreement . . . , we would be inclined to hold that there exist triable issues of fact on questions as to whether . . . a binding contract was formed — as well as whether [the Lessee] is estopped to deny [its] agent[s'] lack of written authority to enter into the contract, because [the Lessee] had imbued the agent[s] with apparent authority; or whether the [Lessors'] negligence in not inquiring into the agent[s'] authority bars the [Lessors'] requests for relief. However, in view of the clause in the proposed lease agreement between the parties providing that the lease would become effective

'only upon execution and delivery by Landlord and Tenant,' we [hold] that a binding, written agreement was never consummated." *20/20 Vision Center v. Hudgens,* supra at 134-135 (6). The only factual distinction is that in *20/20 Vision Center,* unlike in this case, the proposed lease agreement contained the clause whereby the agreement was to become effective "only upon execution and delivery by Landlord and Tenant." Thus, we find to be controlling here, the reasoning which the Supreme Court stated that it would have followed in the *20/20 Vision Center* case were it not for the existence of such a clause. Accordingly, we hold that, under the evidence of record in this case, there exist "triable issues of fact on questions as to whether . . . a binding contract was formed — as well as whether [the Lessee] is estopped to deny its agent[s'] lack of written authority to enter into the contract. . . ." *20/20 Vision Center v. Hudgens,* supra at 134 (6).

3. The trial court's denial of Lessee's motion for summary judgment with regard to the applicability of the doctrine of promissory estoppel is enumerated as error. However, here, as in *20/20 Vision Center v. Hudgens,* supra at 135 (7), "there do exist triable issues of fact on the question of whether [the Lessors are] entitled to relief under the doctrine of promissory estoppel." *20/20 Vision Center v. Hudgens,* supra at 135 (7).

4. The Lessee urges that, insofar as the Lessors sought and obtained its eviction from the premises, the Lessors acted to terminate any alleged new lease agreement and may not now sue for breach of contract.

After February 1, 1985, the Lessee had denied the existence of a new lease and proposed to vacate the premises within 90 days. By so doing, the Lessee rendered itself a holdover tenant at sufferance under the prior lease and the Lessors were clearly entitled to seek a forced surrender of the premises under that prior lease. Moreover, the Lessee's denial of the existence of a new lease and its proposal to vacate the premises in only 90 days was also a potential anticipatory breach of any new multi-year tenancy that may have come into existence on February 1, 1985. "Where there has been a tender of a breach of an executory contract, the innocent party has an election of remedies: (1) to accept anticipatory breach as tendered and sue at once for damages, or (2) to treat the contract as remaining in force for the purpose for which it was made. [Cits.]" *Szabo Assoc. v. Peachtree-Piedmont Assoc.,* 141 Ga. App. 654, 655 (1) (234 SE2d 119) (1977). As previously discussed, genuine issues of material fact remain as to the existence of such an enforceable new lease agreement. Thus, construing the evidence most strongly for the Lessors, as the nonmoving parties, they were legally authorized to accept the Lessee's anticipatory breach of the new allegedly valid lease and to sue immediately for damages.

Consequently, there is no inconsistency as to the Lessors' efforts to dispossess the Lessee on the one hand and also to sue the Lessee for breach of contract on the other. By doing so, the Lessors were simply responding to the Lessee's own election, which had been to remain in the premises after the old lease had expired but also to deny the existence of any valid new lease. The dispossession of the Lessee from the premises on March 31, 1985 was not the Lessors' termination of the new tenancy. It was the Lessors' termination of the Lessee's unauthorized act of holding over under the old lease and the Lessors' acknowledgment of the Lessee's anticipatory breach of the new lease. The trial court did not err in denying summary judgment in favor of the Lessee as to the Lessors' breach of contract claim.

*Judgments affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 23, 1987 —
REHEARING DENIED DECEMBER 11, 1987.

*H. Sol Clark, Malberry Smith, Jr.,* for appellants.
*Sam P. Inglesby, Jr., Thomas A. Nash, Jr.,* for appellee.