A94A1987. SMITH et al. v. McCLUNG.
(452 SE2d 229)

BEASLEY, Presiding Judge.

Lawrence Wade Smith was married to Mary McClung Smith. Wade, with the assistance of his father, built a home on a portion of a farm owned by his wife's father, J. T. McClung, and made other improvements to the property. Wade and Mary resided there from December 1986 to October 1990, when Wade moved and left Mary in residency. They were divorced in March 1991. Although the divorce proceedings are not before us, the parties do not dispute that the court in that case rejected Wade's efforts to include the house in the marital estate, on the ground that it was located on land owned by J. T. McClung.

Thereafter, Wade and his father sued McClung alleging that: 1) he had fraudulently induced them to enter a contract to build the house by promises to deed the land to his daughter or to his daughter and Wade together, and 2) McClung had been unjustly enriched. McClung moved for summary judgment, arguing that the elements of fraud could not be established and that the statute of frauds barred enforcement of any agreement concerning the land. The court's grant of the motion is appealed.

1. Preliminarily, we address the question of jurisdiction. Contrary to Court of Appeals Rule 27 (c), the Smiths have not supplied a statement of the reason this court, rather than the Supreme Court, has jurisdiction of this appeal. The complaint is styled "Complaint in Equity" and seeks, among other forms of relief, that the superior court order McClung to deed certain real estate to Wade and Mary. Nevertheless, we recognized in *Firearms Training System v. Sharp,* 213 Ga. App. 566 (445 SE2d 538) (1994), that "[g]enerally, the Supreme Court has exclusive appellate jurisdiction in matters of equity. Ga. Const. of 1983, Art. VI, Sec. VI, Par. III[, h]owever, although the case presented involves injunctive relief, 'no substantive issues of equity are involved in th(is) (appeal).' " Since resolution involves only underlying legal issues concerning fraud and unjust enrichment, jurisdiction lies in this court.

2. We next address the fraud claim, that McClung fraudulently

induced the Smiths to make the improvements to the property. A plaintiff who claims fraud must show: " '(1) a false representation by defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from action; (4) justifiable reliance by the plaintiff; and (5) damages. (Cit.)' [Cit.]" *Centennial Life Ins. Co. v. Smith*, 210 Ga. App. 194, 195 (435 SE2d 498) (1993).

The evidence presented by the Smiths indicates that during the marriage they developed certain understandings concerning Mc-Clung's intentions for future disposition of the property. Wade deposed that McClung had stated he "was going to deed" the land to Mary, and that the land would become Mary's upon his death. His deposition also indicates that at some point he assumed McClung had already deeded the land to Mary, but he admits that neither McClung nor anyone else ever told him a conveyance had been made. He also stated that McClung did not ask him to spend money on the property.

In his deposition, McClung stated that he "assumed" Wade knew the property would one day become Mary's but he did not remember ever telling Wade that. He also stated that it was his intent that Mary receive the property in the future, but that immediately after his death it would go to his wife.[1] He considered the improvements to be for the benefit of Mary and Wade and acquiesced in their construction after Mary asked for permission. There was no suggestion that he considered the improvements a benefit to himself.

Wade's father averred that during the marriage, "McClung personally told [him] that he was going to deed the property to Mary McClung Smith," and that based upon conversations with McClung, he believed that McClung had already transferred title to either Mary or to both Mary and her husband. This affidavit is self-contradictory to the extent Roy Smith states that McClung told him action would be taken in the future, and that the same action had already been taken. No explanation is given for the contradiction, and it is construed against him on this motion for summary judgment. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986). Therefore, we take his testimony to be that McClung represented that he would arrange for the property to be transferred to Mary at some time in the future.

Even if McClung stated to the Smiths that the land had already been deeded to Mary, such a statement would not support a fraud claim. The Smiths would have a duty to ascertain the actual status of the title and would not be justified in simply relying upon such a rep-

---

[1] After suit was filed, McClung died testate and his executrix was substituted as a party. There is no evidence in the record that the property was left to Mary.

resentation. See *Hill v. Century 21 &c. Realty*, 187 Ga. App. 754, 755 (2) (371 SE2d 217) (1988).

The court was correct in determining that to prevail, the Smiths must establish fraud concerning McClung's statements about the future disposition of the property. The Smiths argue that an exception to the general rule that " 'fraud cannot be predicated upon statements that are promissory in their nature as to future acts. [Cits.]' " *First Nat. &c. v. Thompson*, 240 Ga. 494 (241 SE2d 253) (1978) is found in *Rogers v. deMonteguin*, 193 Ga. App. 480, 481-482 (1) (388 SE2d 10) (1989). That exception, however, requires that " 'when the misrepresentation is made, (the promisor) knows that the future event will not take place.' [Cit.]" Id. at 482 (1). There must be evidence that, at the time McClung made the statements concerning the future disposition of the property, he had no intention of transferring it.

The evidence, set out above, does not give rise to any such intention. Pretermitting the question of whether the statements of McClung concerning a future event constitute a promise that is specific enough to be enforced, see *Bridges v. Reliance Trust Co.*, 205 Ga. App. 400, 403 (2) (422 SE2d 277) (1992), the Smiths "presented no evidence the promises were made with the present intent not to perform." *Davidson Mineral Prop. v. Baird*, 260 Ga. 75, 78 (5) (390 SE2d 33) (1990).

No one claims that McClung proposed to make a promise to convey the property in exchange for the improvements the Smiths made or that a promise was ever discussed as a condition for making the improvements. In fact, the Smiths point to no evidence that they entered into a contract with McClung in which they would make the improvements to the land in exchange for having the property left to his wife in McClung's will.

Rather, the evidence shows that, while married, Wade and Mary decided to build a house on land that they expected would one day be theirs. As McClung had the same expectation, he did not object. A divorce intervened and changed the anticipated future. This does not make McClung's actions during the marriage fraudulent. Representations concerning expectations and hopes are not actionable. See *Condon v. Kunse*, 208 Ga. App. 856, 857-858 (1) (432 SE2d 266) (1993).

Even if an intentionally false promise were shown, there is no justifiable reliance on such a promise, as the trial court noted. Building a house in reliance on such a promise is unreasonable; some formalization of an ownership interest must first be made. This would be the case even if McClung had expressly promised he would convey the property in the future, knowing he would not, a conclusion the evidence does not support despite the Smiths' arguments to the contrary.

Nor do the Smiths produce any evidence that they attempted to gain a firm understanding of McClung's intentions as to transfer of the property; there was no inquiry of whether the "property" would be the entire farm or the area right around the house, or even whether the conveyance would be made during McClung's life or by his will. Rather, the Smiths' own testimony indicates that they simply expected that the property would one day become Mary's and pursued the matter no further. A finding of fraud is precluded.

3. The court's order did not address the second count of the complaint, that restitution was required for the improvements to the property under the theory of unjust enrichment. McClung had not moved for partial summary judgment and the court's order appears to address the entire case.

Although the court did not address the unjust enrichment theory, it did declare that any contract for an interest in the property would be barred by the statute of frauds found at OCGA § 13-5-30. This does not affect the unjust enrichment claim; " '[t]he theory of unjust enrichment applies when as a matter of fact there is no legal contract . . . , but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for. (Cits.)' [Cit.]" *Ga. Tile Distrib. v. Zumpano Enterprises*, 205 Ga. App. 487, 488 (1) (422 SE2d 906) (1992). As the claim requires that there be no legal contract, the provision in OCGA § 13-5-30 (4) that "[a]ny contract for the sale of lands, or any interest in, or concerning lands" be in writing is inapplicable. "[T]he Statute of Frauds . . . is no bar to relief in quantum meruit. [Cit.]" *Llop v. McDaniel, Chorey & Taylor*, 171 Ga. App. 400, 403 (4) (320 SE2d 244) (1984). Although there is a distinction between the theories of unjust enrichment and quantum meruit, that distinction does not operate so as to bring an unjust enrichment claim into the purview of the statute of frauds, which does not bar the unjust enrichment claim.

McClung did not argue in his motion that there was an absence of evidence establishing an unjust enrichment claim, instead relying upon his arguments concerning fraud and the statute of frauds, and he does not make any such argument here. Although McClung stated in deposition that the improvements had not benefited him because of increased taxes on the property, he also stated that the appraised value of the property had risen. That, together with the evidence of the Smiths' investments in improvements to the property, establishes a jury question on the issue.

Although the court properly determined that the fraud claim was unsupported by evidence, McClung did not show there was an absence of evidence on the unjust enrichment claim, nor even take such a position in his motion for summary judgment. The court erred in

granting complete summary judgment.

*Judgment affirmed in part and reversed in part. Andrews and Johnson, JJ., concur.*

DECIDED DECEMBER 19, 1994.

*Lee Sexton & Associates, Lee Sexton,* for appellants.
*Charles J. Vrono,* for appellee.