A96A1228. FULLER v. PERRY et al.
(476 SE2d 793)

SMITH, Judge.

Walter S. Fuller, Jr. brought this action against Claude G. Perry, Jr., Longstreet Press, Inc., and L.S.P., Inc., claiming fraud and breach of fiduciary duty and seeking rescission, an accounting, attorney fees, and punitive damages.[1] Fuller contended he was fraudulently

[1] Longstreet Press, Inc., a Georgia corporation, changed its name to L.S.P., Inc. on June 17, 1992, upon the formation of appellee Longstreet Press, Inc., a Delaware corporation owned by Cox. These changes are immaterial to this appeal, and L.S.P., Inc. is referred to as "Longstreet," its name at the time of the relevant events.

induced by Perry to execute an employment agreement with Longstreet in May 1992, superseding an earlier one-page agreement executed in June 1991. A third agreement was negotiated and signed in the summer of 1993. Fuller resigned from Longstreet in October 1993 and filed suit in February 1994.

Perry, Longstreet, and Longstreet Press, Inc. answered and counterclaimed, seeking, among other things, indemnity under the May 1992 agreement. After discovery, they moved for and were granted summary judgment. Because it found that the June 1991 agreement contained no term of duration and therefore was terminable at will, the trial court held that no cause of action could lie for its termination.

Fuller contends that the trial court erred in this decision because the June 1991 agreement gave him an equity ownership interest in Longstreet, which he was fraudulently induced to forego in executing the May 1992 agreement. Longstreet, on the other hand, characterizes the June 1991 agreement as an independent contractor arrangement with compensation of both salary and a percentage of net profits. The terms and nature of the June 1991 agreement are immaterial to this decision, however, because it is undisputed that in the May 1992 agreement, the parties identified the June 1991 agreement as the "Prior Agreement" and expressed their intention to cancel it and enter into an employer/employee relationship. Fuller agreed to "cancel and terminate the Prior Agreement" and to release and indemnify Longstreet from all claims arising out of it.

It is undisputed that the May 1992 agreement was entered into in furtherance of a pending sale of the assets of Longstreet to Cox Communications, Inc. Fuller acknowledged that he was aware of the negotiations between Longstreet and Cox in early 1992. A Cox representative expressed concern to Perry that the June 1991 agreement might prove an obstacle to the sale. As a result, Perry opened negotiations with Fuller regarding a revision of the June 1991 agreement. Fuller contends that Perry made certain fraudulent statements to him in the course of these negotiations; these allegations of fraud form the basis of Fuller's attempts to rescind the May 1992 agreement. Because we find that Fuller failed to show an actionable misrepresentation, we do not reach the issue on which the trial court's decision was based. A grant of summary judgment, however, must be affirmed if it is right for any reason. *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746) (1993); see *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991).

1. In his deposition, Fuller listed Perry's alleged statements, which he contended took place at one meeting during May 1992 at a Cobb County restaurant. First, Fuller contended he understood "[t]hat the total sales price or offer, however it was made, was for

$1,600,000." Fuller acknowledged, however, that "at that point . . . the deal had not been made." He also contended Perry had represented to him that Perry "stood to make nothing from this," and that "Longstreet would likely cease to exist or somebody there would lose their jobs or something like that" if the Cox purchase did not take place. Again, Fuller acknowledged that his only reason to dispute Perry's statement was "some discussion that, you know, maybe that wouldn't have happened. I don't know." He stated there was no other representation by Perry that he contended was fraudulent. He acknowledged that no one other than Perry made any alleged misrepresentations to him.

"The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff. For an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort." (Citations and punctuation omitted.) *Cobb County School Dist. v. MAT Factory*, 215 Ga. App. 697, 700-701 (2) (a) (452 SE2d 140) (1994). Because summary judgment is appropriate if only one essential element of Fuller's claim is eliminated, *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), "we need not address all the issues raised on appeal or in the motion for summary judgment to resolve this appeal." *Real Estate Intl. v. Buggay*, 220 Ga. App. 449, 451 (2) (469 SE2d 242) (1996).

It is axiomatic that a false representation made by a defendant, to be actionable, must relate to an existing fact or a past event. *Marler v. Dancing Water Lakes*, 167 Ga. App. 99, 100-101 (1) (305 SE2d 876) (1983). "Fraud cannot consist of mere broken promises, unfilled predictions or erroneous conjecture as to future events. [Cits.]" *Riddle v. Driebe*, 153 Ga. App. 276, 281 (265 SE2d 92) (1980) (attorney's representations regarding future effect of legal documents). "Representations concerning expectations and hopes are not actionable. [Cit.]" *Smith v. McClung*, 215 Ga. App. 786, 788 (452 SE2d 229) (1994) (father's alleged intention to deed land to daughter).

Fuller acknowledged that he knew the agreement between Cox and Longstreet had not been finalized at the time of his restaurant meeting with Perry. Accordingly, it was apparent that Perry's alleged statements regarding the price and structure of the ultimate agreement and his possible compensation were at best promissory or speculative. See *Allen v. Sanders*, 176 Ga. App. 647, 650 (2) (337 SE2d 428) (1985) (predictions as to future value of tax loss under partnership mere expressions of opinion and not actionable).

It is true that claims of fraud arising from a representation of a future event made with knowledge that it is false or intention not to

perform may be actionable. *Seligman v. Savannah Wholesale Co.*, 185 Ga. App. 250, 252 (363 SE2d 785) (1987). But Fuller's attempts to show prior knowledge or fraudulent intent on Perry's part are unsupported by the record. Fuller contends that he would never have agreed to sign the May 1992 contract if he had known that Perry would receive money from the completed sale. Evidence of the amount of back salary or commissions that Perry eventually received from the completed sale, however, does not constitute proof that Perry knew at the time of his conversation with Fuller, before negotiations were completed, what Cox's ultimate decision or his own compensation would be. As Fuller acknowledges, Perry's predictions regarding the possible fate of Longstreet absent the Cox transaction were also purely speculative in nature. Fuller's witness, who predicted that Longstreet would have been able to continue operations despite cash flow and capital problems, agreed on cross-examination that this was merely a "subjective opinion," stating "there is no proof for or against." " 'It is elementary that no one has a right to rely on a statement of another as to what could and would take place in the future. The activities of life are too uncertain for anyone to depend on such representations. And the law recognizes no actionable right in the event one does rely upon such uncertainties.' [Cit.]" *Marler v. Dancing Water Lakes*, supra at 100.

Fuller's assertion of a fiduciary relationship with Perry does not alter the character of the alleged representations. Assuming without deciding that such a relationship existed, Perry "cannot be held liable for failing to disclose what [he] did not know and could not have foretold. [Cit.] [Any] duty of diligence and good faith cannot be held to include an obligation to predict accurately or guaranty the future financial condition or performance of a third party. Accordingly, the trial court correctly granted summary judgment to appellees on the claim for breach of fiduciary duty." *Garcia v. Unique Realty &c. Co.*, 205 Ga. App. 876, 878 (2) (424 SE2d 14) (1992).

Since Perry's statements regarding the proposed Cox transaction related entirely to future events involving a third party and consisted entirely of opinions, predictions, and conjectures, they cannot form the basis of a claim for fraud or breach of fiduciary duty. Accordingly, the trial court did not err in granting summary judgment in favor of Perry, Longstreet, and Longstreet Press, Inc.[2]

2. Because Fuller's attempt to invalidate the May 1992 agree-

---

[2] Fuller also contends that the Delaware corporation, Longstreet Press, Inc., is liable as a successor in interest to the Georgia corporation, L.S.P., Inc. This is an incorrect statement of Georgia law. See *Bullington v. Union Tool Corp.*, 254 Ga. 283, 284 (328 SE2d 726) (1985). Moreover, Fuller's claim against Longstreet Press, Inc. is derivative of and dependent upon his claim against L.S.P., Inc., and therefore must fail.

ment on the basis of fraud fails for the reasons stated in Division 1, it follows that the trial court did not err in granting summary judgment on appellees' counterclaim for indemnification based on the terms of that agreement.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 27, 1996 —
RECONSIDERATION DENIED OCTOBER 10, 1996 — 

*Decker & Hallman, Richard P. Decker, Peter V. Hasbrouck*, for appellant.

*Dow, Lohnes & Albertson, James W. Kimmell, Jr., Sean R. Smith, Perrie, Buker, Stagg & Jones, Robert E. Stagg, Jr.*, for appellees.