**NEXT CENTURY COMMUNICATIONS CORP., a Delaware Corporation, Plaintiff,**

v.

**U. Bertram ELLIS, Jr., Defendant.**

**No. 1:01–CV–755–TWT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 17, 2001.

Rickman P. Brown, Kevin S. King, Dietrick Evans Scholz & Williams, Atlanta, GA, Theodore J. Cohen, pro hac vice, Brian E. Shear, pro hac vice, Kevin S. Wattles, pro hac vice, Scott J. Spolin, pro hac vice, Spolin Silverman Cohen & Bartlett, Santa Monica, CA, for plaintiff.

Todd Richard David, John Allen Jordak, Jr., Alston & Bird, Atlanta, GA, for defendant.

## ORDER

THRASH, District Judge.

This is an action for fraud, negligent misrepresentation and breach of fiduciary duty. It is before the Court on Defendant U. Bertram Ellis, Jr.'s Motion to Dismiss [Doc. 5]. For the reasons set forth below, the Court grants the Defendant's motion.

### I. BACKGROUND

iXL provides strategic consulting, including comprehensive Internet-based solutions, to Fortune 1000 companies and other corporate users of information technology. iXL's stock is publically traded. Net Response, LLC ("Net Response") was in the business of developing Internet sites and furnishing Internet services, including website design and maintenance. Pursuant to an Agreement and Plan of Merger dated September 22, 1998, Net Response was merged into iXL-DC, Inc., a wholly-owned subsidiary of iXL. Plaintiff Next Century Communications Corp. held a 100% ownership interest in Net Response. As a result of the merger, Plaintiff re-

ceived 701,375 shares of Class B common stock of iXL Holdings, Inc.

On or about November 19, 1999, iXL and certain shareholders offered 7,000,000 shares of the common stock of iXL to the public. In connection with this public offering, a "lock-up" agreement was executed. Generally speaking, a lock-up is an agreement whereby certain holders of a company's stock agree not to offer, sell, convert, or otherwise dispose of their positions for a period of time following a sale, merger, or similar event. Pursuant to the lock-up agreement, certain of iXL stockholders agreed not to sell or exercise their stock or options for 90 days following the November 19, 1999 Offering. Plaintiff and Defendant Ellis were shareholders that agreed to the lock-up.

On or about February 13, 2000, Defendant Ellis, CEO of iXL, sent a memorandum to Plaintiff and other iXL shareholders asking them to refrain from selling iXL's stock for one month after the lock-up period expired on February 17, 2000. In making this request Mr. Ellis stated his opinion that iXL's stock price would be depressed if there was a mass sell-off after the lock-up expired. Plaintiff did not sell its iXL stock when the lock-up expired. At the time the stock was trading for about $40 per share. According to the Complaint, the stock fell to $15 to $20 in the period of June through July, 2000. In March, 2001, the stock traded for about $1.15 per share. The Complaint alleges that Plaintiff has been damaged in the amount of $25 million, but does not set forth how the figure was determined.

Plaintiff alleges that Mr. Ellis made fraudulent misrepresentations and deceitful omissions in his February 13 memo. Further, Plaintiff alleges that Mr. Ellis made additional fraudulent misrepresentations and deceitful omissions of similar content and nature to Plaintiff during a subsequent telephone conversation in early summer of 2000. Finally, Plaintiffs assert that Mr. Ellis, as Chairman of the Board and Chief Executive Officer of iXL, breached his fiduciary duties to Plaintiff. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant filed this Motion to Dismiss Plaintiff's Complaint.

## II. MOTION TO DISMISS STANDARD OF REVIEW

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed.R.Civ.P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir.1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construes them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994–95 (11th Cir.1983). Nevertheless, the Court should ignore any allegations which contain no more than opinions or legal conclusions. South Florida Water Management Dist. v. Montalvo, 84 F.3d 402, 409 n. 10 (11th Cir.1996). The Court may grant a defendant's motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir.1985), cert. denied, 474 U.S. 1082, 106 S.Ct. 851, 88 L.Ed.2d 892 (1986). Under notice pleading, plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id.

## III. DISCUSSION

### A. FRAUD

 "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Pro. 9(b). A fraud claim meets the requirements of Rule 9(b) if it sets forth precisely what statements or omissions were made in what documents or oral presentations, who made the statements, the time and place of the statements, the contents of the statements or manner in which they misled the plaintiff, and what the defendants gained as a consequence. *Brooks v. Blue Cross and Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1371 (11th Cir.1997). "The plaintiff's complaint must allege the details of the defendants allegedly fraudulent acts, when they occurred, and who engaged in them." *Cooper v. Blue Cross and Blue Shield of Florida, Inc.,* 19 F.3d 562, 568 (11th Cir. 1994). This Rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Id.* at 1370–1371. Further, "Rule 9(b) must be read in conjunction with Rule 8(a) [of the Federal Rules of Civil Procedure], which requires a plaintiff to plead only a short, plain statement of the grounds upon which he is entitled to relief" *Id.* at 1371.

 Plaintiff's fraud claim is based primarily upon the Defendant's February 13 memorandum. It is quoted in but not attached to Plaintiff's Complaint. One version of the memo is attached as an exhibit to the Motion to Dismiss. A slightly different version is attached as an exhibit to the Plaintiff's Response to the Motion to Dismiss. Ordinarily, matters outside the pleadings may not be considered in ruling on a motion to dismiss for failure to state a claim. The Eleventh Circuit, however, in the recent case of *Bryant v. Avado Brands,* 187 F.3d 1271 (11th Cir.1999), held that "the district court was authorized at the motion to dismiss stage to take judicial notice of relevant public documents required to be filed with the SEC, and actually filed, for the purpose of determining what statements the documents contain." *Id.* at 1280. In ruling on a motion to dismiss, this court in *Sturm v. Marriott Marquis Corp.,* 85 F.Supp.2d 1356, 1366 (N.D.Ga.2000) held that authentic documents, whether they have or have not been filed with the Securities Exchange Commission, may be considered on a motion to dismiss Rule 10(b)–5 securities fraud claim if they are referred to in the plaintiff's complaint and are central, or integral, to the plaintiff's claim. *Sturm,* 85 F.Supp.2d at 1366.

The cases cited above were federal securities fraud actions. As a matter of federal procedural law, the Court perceives no reason to follow a different rule in a common law fraud diversity case such as this. If the Complaint fails to state a claim, it would be an enormous waste of time and money for the parties and the Court to proceed through discovery and summary judgment motions just because the memorandum is not attached to Plaintiff's Complaint. The version of the memorandum attached to Plaintiff's Response to the Motion to Dismiss is conceded to be authentic and is integral to the Plaintiff's fraud and negligent misrepresentation claims. In ruling on this Motion to Dismiss, the Court will consider this memorandum.

 "The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Fuller v. Perry,* 223 Ga.App. 129, 131, 476 S.E.2d 793 (1996). "It is axiomatic that a false representation made by a defendant, to be actionable, must

relate to an existing fact or a past event." *Id.* Speculation, subjective opinions and unfulfilled hopes do not support a claim for fraud. *Id.* at 132, 476 S.E.2d 793; *Riddle v. Driebe,* 153 Ga.App. 276, 281, 265 S.E.2d 92 (1980); *Smith v. McClung,* 215 Ga.App. 786, 788, 452 S.E.2d 229 (1994). The Fifth Circuit cogently stated the rule in holding that " . . . actions for fraud or misrepresentation must be based on objective statements of fact, not expressions of personal opinion". *Presidio Enterprises Inc. v. Warner Bros. Distributing Corp.,* 784 F.2d 674, 679 (5th Cir.1986). A statement of fact is one that (1) admits of being adjudged true or false in a way that (2) admits of empirical verification. *Id.*

■ The statements that Mr. Ellis made in his memorandum are clearly his personal thoughts, opinions and predictions and are, therefore, not statements of fact. For example, Mr. Ellis states: "**I personally think** that you would be mistaken to sell any of your shares now . . . If we all wait at least one more month, we **could** turn this downdraft around" or: "**I think** our share price **will start to stabilize** and then rise as our Company's strong performance continues." In addition Mr. Ellis states: "iXL and our investors are a team . . . the most effective way to show this is not to sell any shares on Thursday or any day soon thereafter."

Plaintiff argues that at the time these statements were made Defendant had knowledge that they were false and were, in fact, false representations of what he believed at that time. However, the Plaintiff fails to allege any facts supporting an inference that Defendant knew these statements to be false. Plaintiff instead argues that because the Defendant is CEO of iXL, an inference could be made that information was available to him to prove the statements false and, therefore, the statements would be false representations of fact and not opinions. In order to draw this inference the Plaintiff must allege in the Complaint facts showing that the company was in trouble. For example, it might be that revenues were declining, or that key personnel were leaving the company. It might then be permissible to draw the inference that the chief executive officer would know that there was more trouble ahead. No such facts are alleged in this Complaint as required by Rule 9(b). All of the statements in the memorandum appear to be solely Mr. Ellis' predictions and opinions and are, thus, not actionable as fraud. The alleged misrepresentations made in the telephone call are not stated with sufficient particularity to comply with Rule 9(b). Thus, Defendant's Motion to Dismiss the fraud claim should be granted.

### B. NEGLIGENT MISREPRESENTATION

■ The essential elements of a claim for negligent misrepresentation are: (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance. *Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas, Inc.,* 267 Ga. 424, 426, 479 S.E.2d 727 (1997). For the reasons set forth in the preceding section of this Order, the statements made by Mr. Ellis are not demonstrably false statements of fact. Furthermore, failure to allege facts showing reasonable reliance requires dismissal of a claim for negligent misrepresentation. *Prince Heaton Enterprises, Inc. v. Buffalo's Franchise Concepts, Inc.,* 117 F.Supp.2d 1357, 1362 (N.D.Ga.2000). "It is elementary that no one has a right to rely on a statement of another as to what could and would take place in the future. The activities of life are too uncertain for any one to depend on such representations." *Cosby v. Asher,* 74 Ga.App. 884,

887, 41 S.E.2d 793 (1947). Opinions as to the current value of a stock or predictions as to future stock prices are notoriously unreliable. A lawsuit based upon such opinions or predictions is the equivalent of suing the weather man when one's picnic is rained out. The Plaintiff has failed to allege any facts which support the conclusory statement that it held its iXL stock in reasonable reliance upon the statements made in the February 13 memorandum or the subsequent telephone call.

## C. BREACH OF FIDUCIARY DUTY CLAIM

 Generally, an individual shareholder does not have standing to bring a direct claim for breach of fiduciary duty against a corporate officer or director. *Holland v. Holland Heating & Air Conditioning, Inc.*, 208 Ga.App. 794, 797, 432 S.E.2d 238 (1993). Usually, a breach of fiduciary duty claim must be brought derivatively on behalf of all of the shareholders because the injury alleged is to the corporation, not the individual shareholder. *Thomas v. Dickson*, 250 Ga. 772, 774, 301 S.E.2d 49 (1983). However, a shareholder can bring a direct claim for breach of fiduciary duty if he alleges a special injury suffered by him resulting from the breach of fiduciary duty. *Holland*, 432 S.E.2d at 242. "...[T]o set out an individual action, the plaintiff must allege ... an injury which is separate and distinct from that suffered by other shareholders..." *Id.* at 242.

 Whether a claim is derivative or direct is determined by reference to the allegations of the claim. *Id.* Plaintiff has failed to allege that it suffered a separate and distinct injury that was not suffered by other shareholders. Thus, it has no standing to bring an individual claim. Plaintiff argues that because Next Century was one of a limited number of significant holders of iXL common stock that was specifically targeted for receipt of Defendant's memorandum they suffered a unique injury. Further, Plaintiff asserts that Defendant contacted Next Century by telephone and personally reinforced what was expressed in the memorandum, therefore causing a special injury. That is not enough to warrant an individual claim. First, the Defendant's memorandum is addressed to all iXL shareholders, not solely to Plaintiff. Therefore, all stockholders who received the memorandum and decided to hold onto their stock would have also suffered a loss making Plaintiff's loss no more unique then that of other stockholders. Second, even if Defendant called Plaintiff to reiterate what the memorandum said, it is not clear that Defendant did not call other shareholders as well. Plaintiff has alleged no facts that demonstrate a unique injury. Thus, Plaintiff can not sue Defendant in a direct suit for breach of fiduciary duty. Plaintiff is limited to a derivative suit brought on behalf of all shareholders and would be required to first make a written demand on the corporation and then wait 90 days to see if the corporation will act. O.C.G.A. § 14–2–742(1) (2000). Defendant's Motion to Dismiss should granted as to the claim for breach of fiduciary duty.

## III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [Doc. 5] is GRANTED. Oral argument is not necessary. The Defendant's Request for Oral Argument [Doc. 9] is DENIED. Plaintiff is entitled to one chance to amend the Complaint and bring it into compliance with the pleading rules. *Cooper v. Blue Cross and Blue Shield of Florida, Inc.*, 19 F.3d 562, 568 (11th Cir.1994). Plaintiff has 30 days from the docketing of this Order to file an amended complaint. If no amended complaint is filed, the Clerk is

**1382**

directed to enter judgment for the Defendant.