**NEXT CENTURY COMMUNICATIONS CORP., a Delaware Corporation, Plaintiff,**

**v.**

**U. Bertram ELLIS, Jr., Defendant.**

**No. CIV.A. 1:01–CV–755–TWT.**

United States District Court, N.D. Georgia, Atlanta Division.

July 30, 2002.

Rickman P. Brown, Kevin S. King, Dietrick, Evans, Scholz & Williams, Atlanta, GA, Theodore J. Cohen, phv, Brian E. Shear, phv, Kevin S. Wattles, phv, Scott J. Spolin, phv, Spolin, Silverman, Cohen & Bartlett, Santa Monica, CA, for Next Cen-

tury Communications Corp., a Delaware Corporation.

Todd Richard David, John Allen Jordak, Jr., Alston & Bird, Atlanta, GA, for U. Bertram Ellis, Jr.

## ORDER

THRASH, District Judge.

This is an action for fraud and negligent misrepresentation. It is before the Court on Defendant U. Bertram Ellis, Jr.'s Motion to Dismiss [Doc. 12]. For the reasons set forth below, the Court grants the Defendant's motion.

### I. BACKGROUND

iXL provided strategic consulting, including comprehensive Internet-based solutions, to Fortune 1000 companies and other corporate users of information technology. iXL's stock was publicly traded. Net Response, LLC ("Net Response") was in the business of developing Internet sites and furnishing Internet services, including website design and maintenance. Pursuant to an Agreement and Plan of Merger dated September 22, 1998, Net Response was merged into iXL-DC, Inc., a wholly-owned subsidiary of iXL. Plaintiff Next Century Communications Corp. held a 100% ownership interest in Net Response. As a result of the merger, Plaintiff received 701,375 shares of Class B common stock of iXL Holdings, Inc.

On or about November 19, 1999, iXL and certain shareholders offered 7,000,000 shares of the common stock of iXL to the public. In connection with this public offering, a "lock-up" agreement was executed. Generally speaking, a lock-up is an agreement whereby certain holders of a company's stock agree not to offer, sell, convert, or otherwise dispose of their positions for a period of time following a sale, merger, or similar event. Pursuant to the lock-up agreement, certain of iXL stockholders agreed not to sell or exercise their stock options for 90 days following the November 19, 1999, offering. Plaintiff and Defendant Ellis were shareholders that agreed to the lock-up.

On or about February 13, 2000, Defendant Ellis, CEO of iXL, sent a memorandum to Plaintiff and other iXL shareholders asking them to refrain from selling iXL's stock for one month after the lock-up period expired on February 17, 2000. In making this request Mr. Ellis stated his opinion that iXL's stock price would be depressed if there was a mass sell-off after the lock-up expired. Plaintiff did not sell its iXL stock when the lock-up expired. At the time the stock was trading for about $40.00 per share. According to the Complaint, the stock fell to $15.00 to $20.00 in the period of June through July, 2000. In March, 2001, the stock traded for about $1.15 per share. The Amended Complaint alleges that Plaintiff has been damaged in the amount of $27,850,000 based upon the difference in the sale price of $40.00 on February 17, 2000, and approximately $0.29 when iXL merged with Scient Corporation on November 7, 2001. (Am.Compl.¶¶ 55, 61.)

In its initial Complaint, Plaintiff alleged that Mr. Ellis made fraudulent misrepresentations and deceitful omissions in his February 13, memo. Further, Plaintiff alleged that Mr. Ellis made additional fraudulent misrepresentations and deceitful omissions of similar content and nature to Plaintiff during a subsequent telephone conversation in early Summer of 2000. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant filed a Motion to Dismiss Plaintiff's Complaint in June, 2001. This Court in October, 2001, granted Plaintiff's Motion to Dismiss but allowed Plaintiff an opportunity to amend its Complaint.

In its Amended Complaint, Plaintiff has added claims for accounting fraud in connection with a press release and iXl's 1999 and 2000 financial statements. (Am. Compl.¶¶ 19–56.) Plaintiff alleges that the accounting fraud artificially inflated iXL's stock price until the third quarter of 2000. In other words, the Plaintiff is now seeking damages for its misfortune in not selling its iXL stock for a whole lot more than it was really worth. Defendant now files a Motion to Dismiss Plaintiff's Amended Complaint.

## II. MOTION TO DISMISS STANDARD OF REVIEW

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed.R.Civ.P. 12(b)(6); *see Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Linder v. Portocarrero,* 963 F.2d 332 (11th Cir.1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 994–95 (11th Cir.1983). Nevertheless, the Court should ignore any allegations which contain no more than opinions or legal conclusions. *South Florida Water Management Dist. v. Montalvo,* 84 F.3d 402, 409 n. 10 (11th Cir.1996). The court may grant a defendant's motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.,* 753 F.2d 974, 975 (11th Cir.1985), *cert. denied,* 474 U.S. 1082, 106 S.Ct. 851, 88 L.Ed.2d 892 (1986). Under notice pleading, plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Id.*

## III. DISCUSSION

### A. FRAUD

#### 1. THE FEBRUARY MEMO AND TELEPHONE CALL.

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Pro. 9(b). A fraud claim meets the requirements of Rule 9(b) if it sets forth precisely what statements or omissions were made in what documents or oral presentations, who made the statements, the time and place of the statements, the contents of the statements or manner in which they misled the plaintiff, and what the defendants gained as a consequence. *Brooks v. Blue Cross and Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1371 (11th Cir.1997). "The plaintiff's complaint must allege the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." *Cooper v. Blue Cross and Blue Shield of Florida, Inc.,* 19 F.3d 562, 568 (11th Cir. 1994). This rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Brooks* at 1370–1371. Further, "Rule 9(b) must be read in conjunction with Rule 8(a) [of the Federal Rules of Civil Procedure], which requires a plaintiff to plead only a short, plain statement of the grounds upon which he is entitled to relief" *Id.* at 1371.

In this diversity action, the Court is bound to apply Georgia law. "The tort of fraud has five elements: a false represen-

tation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Fuller v. Perry*, 223 Ga.App. 129, 131, 476 S.E.2d 793 (1996). "It is axiomatic that a false representation made by a defendant, to be actionable, must relate to an existing fact or a past event." *Id.* Speculation, subjective opinions and unfulfilled hopes do not support a claim for fraud. *Id.* at 132, 476 S.E.2d 793; *Riddle v. Driebe*, 153 Ga.App. 276, 281, 265 S.E.2d 92 (1980); *Smith v. McClung*, 215 Ga.App. 786, 788, 452 S.E.2d 229 (1994). The Fifth Circuit cogently stated the rule in holding that "...actions for fraud or misrepresentation must be based on objective statements of fact, not expressions of personal opinion." *Presidio Enters., Inc. v. Warner Bros. Distrib. Corp.*, 784 F.2d 674, 679 (5th Cir.1986). A statement of fact is one that (1) admits of being adjudged true or false in a way that (2) admits of empirical verification. *Id.*

■ As the Court stated in its prior Order, "[t]he statements that Mr. Ellis made in his memorandum are clearly his personal thoughts, opinions and predictions and·are, therefore, not statements of fact." Therefore, they are not actionable as a matter of Georgia law. Plaintiff attempts to allege facts that would allow an inference that the Defendant knew that his statements were false. However, the circumstances alleged, such as customer complaints, are no more than the ordinary vicissitudes of business.

■ Furthermore, justifiable reliance is an essential element to both fraud and negligent misrepresentation. Plaintiff's theory in the Amended Complaint remains the same as in the original Complaint, namely, that Plaintiff was entitled to rely on Mr. Ellis's statements because of his position as Chairman of the Board and Chief Executive Officer ("CEO") of iXL.

(Am.Compl.¶¶ 54, 60.) The Amended Complaint, like the original Complaint, merely states the conclusion that Plaintiff "reasonably" relied on Mr. Ellis's memorandum, but fails to allege facts other than by reiterating Mr. Ellis's top position in the company. It fails to allege facts sufficient to support the justifiable reliance element of fraud or misrepresentation. This failure to plead justifiable reliance requires dismissal of Plaintiff's fraud and negligent misrepresentation claims. *Prince Heaton Enters., Inc. v. Buffalo's Franchise Concepts, Inc.*, 117 F.Supp.2d 1357, 1362 (N.D.Ga.2000).

As this Court has previously held, Mr. Ellis's statements made in his memorandum were clearly his "personal thoughts, opinions, and predictions." *Next Century Communications Corp., v. U. Bertram Ellis*, 171 F.Supp.2d 1374, 1380 (N.D.Ga. 2001). Plaintiff could not reasonably rely on such predictions and, in any event, Mr. Ellis specifically told Plaintiff that it did not have to rely on his opinion: "I will point out very clearly that I am not telling you you cannot sell any of your shares." (*See* Am. Compl. Exhibit A.)

■ It is hornbook law that a party does not have a right to rely on a prediction of future events. William Lloyd Prosser & Page Keeton, *Prosser & Keeton on the Law of Torts* § 109 (5th ed.1984) at 762. Plaintiff, a sophisticated corporate entity, is particularly ill-suited to allege reliance on Mr. Ellis's opinion. (*See* Am. Compl. ¶ 16(a), (d).) As many courts have stated:

[i]t is elementary that no one has a right to rely on a statement of another as to what could and would take place in the future. The activities of life are too uncertain for anyone to depend on such representations. And the law recog-

nizes no actionable right in the event one does rely upon such uncertainties. *Cosby v. Asher,* 74 Ga.App. 884, 887, 41 S.E.2d 793 (1947). A party's reliance on another's predictions of a future event is not justifiable as a matter of law. *See Longnecker v. Ore Sorters, Inc.,* 634 F.Supp. 1077, 1082 (N.D.Ga.1986); *see also Hillson Partners Ltd. Partnership v. Adage, Inc.,* 42 F.3d 204, 211 (4th Cir.1994) (no reasonable investor would rely on a statement that growth or success would continue into the future).

■ Plaintiff asserts that it could rely on Mr. Ellis's statement because of his position at iXL. Case law rebuts Plaintiff's argument. Indeed, several cases illustrate that, regardless of the speaker, it is unreasonable as a matter of law to rely on predictions or statements of opinion. *Murray v. Xerox Corp.,* 811 F.2d 118, 121–23 (2d Cir.1987); *Synergy Worldwide, Inc. v. Long, Haymes, Carr, Inc.,* 44 F.Supp.2d 1348, 1356–57 (N.D.Ga.1998). As one Georgia court explained:

> [W]here the representation consists of general commendations or mere expressions of opinion, hope, expectation, and the like, and where it relates to matters which from their nature, situation, or time, can not be supposed to be within the knowledge or under the power of the party making the statement, the party to whom it is made is not justified in relying upon it and assuming it to be true; he is bound to make inquiry and examination for himself so as to ascertain the truth.

*Marler v. Dancing Water Lakes, Inc.,* 167 Ga.App. 99, 100, 305 S.E.2d 876 (1983) (*quoting Rogers v. Sinclair Refining Co.,* 49 Ga.App. 72, 75, 174 S.E. 207 (1934)).

Mr. Ellis's statements about his intent not to sell any of his shares could not be relied upon for similar reasons because they were statements of future intent.

*Cosby v. Asher,* 74 Ga.App. 884, 887, 41 S.E.2d 793 (1947). As this Court explained in its previous Order in this case, "[o]pinions as to the current value of a stock or predictions as to future stock prices are notoriously unreliable. A lawsuit based upon such opinions or predictions is the equivalent of suing the weatherman when one's picnic is rained out." *Next Century Communications Corp.,* 171 F.Supp.2d at 1380.

Accordingly, Plaintiff has failed to allege facts constituting justifiable reliance. This fundamental flaw is fatal to Plaintiff's fraud claim. Because Plaintiff has failed to cure this pleading deficiency, and because as a matter of law the flaw cannot be corrected given Plaintiff's theory of the case, dismissal with prejudice is now appropriate as to the fraud claim regarding the February 13 memo and telephone call.

### 2. ACCOUNTING FRAUD.

■ In its Amended Complaint, the Plaintiff also alleges that the Defendant committed fraud in connection with a November 29, 1999, press release and in connection with iXL's 1999 and 2000 financial statements. Plaintiff has failed to allege facts showing that Defendant was aware that the press release or financial statements were false. Plaintiff's conclusory allegations that he knew they were false because he was the head of the company are insufficient to satisfy the particularity requirement of Rule 9(b). The Plaintiff has also failed to allege facts showing justifiable reliance by Plaintiff upon the press release or the financial statements. This is a common law fraud action, and Plaintiff has not cited any authority that the Georgia courts would apply a "fraud on the market" analysis in lieu of actual reliance. *Cf. Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718 (11th Cir.1987). This is not a "case in which the buyer relied on the

integrity of the market to furnish securities which were not the product of a fraudulent scheme." *Shores v. Sklar*, 647 F.2d 462, 471 (5th Cir.1981). As noted earlier, Plaintiff's complaint is that it lost the opportunity to profit fully from the market's overvaluation of iXL stock. Plaintiff admits that it was on notice as to the accounting problems when the Third Quarter 2000 financial statements were released. It had the opportunity to sell its stock then, but did not do so. The alleged accounting fraud could not be the proximate cause of any loss to Plaintiff.

### B. *NEGLIGENT MISREPRESENTATION*

 The essential elements of a claim for negligent misrepresentation are: (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance. *Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas, Inc.*, 267 Ga. 424, 426, 479 S.E.2d 727 (1997). For the reasons set forth respecting Plaintiff's fraud claim, the Plaintiff has failed to allege facts showing reasonable reliance which requires dismissal of a claim for negligent misrepresentation. *Prince Heaton Enterprises, Inc. v. Buffalo's Franchise Concepts, Inc.*, 117 F.Supp.2d 1357, 1362 (N.D.Ga.2000). The Plaintiff has failed to allege any facts which support the conclusory statement that it held its iXL stock in reasonable reliance upon the statements made in the February 13, memorandum or the subsequent telephone call. Thus, Plaintiff has failed to allege facts constituting reasonable reliance which is a fundamental flaw that is fatal to Plaintiff's negligent misrepresentation claim. Because Plaintiff has failed to cure this overriding pleading deficiency, dismissal with prejudice is now appropriate on this claim.

### IV. CONCLUSION

For the reasons set forth above, Defendant U. Bertram Ellis, Jr.'s Motion to Dismiss [Doc. 12] is GRANTED. The Clerk is directed to enter judgment in favor of the Defendant.